JOSHUA N. KASTAN (SBN 284767)
JNK@dkmlawgroup.com
JESSICA J. ROSS (SBN 313988)
JJR@dkmlawgroup.com
**DKM LAW GROUP, LLP**
50 California St., Suite 1500
San Francisco, CA 94111
Telephone:   (415) 421-1100
Facsimile:   (415) 842-0095

Attorneys for Defendant,
USAA CASUALTY INSURANCE COMPANY

IN UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY R. WHITELEY,<br><br>Plaintiff,<br><br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO.: 2:24-cv-00138-DSF-MAA<br><br>**DEFENDANT USAA CASUALTY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL DEMANDED** |

Defendant USAA Casualty Insurance Company ("USAA CIC" or "Defendant"), hereby answers Plaintiff Jeremy R. Whiteley ("Whiteley" or "Plaintiff")'s Complaint as follows:

**NATURE OF THIS LAWSUIT**[1]

1. Answering the allegations of paragraph 1, this answering Defendant denies the allegations.

**JURISDICTION AND VENUE**

2. Answering the allegations of paragraph 2, this answering Defendant admits this Court has subject matter jurisdiction over this action.

3. Answering the allegations of paragraph 3, this answering Defendant admits venue is proper in this District.

---

[1] The headings set forth herein mirror the headings within Plaintiff's Complaint and are adopted for organizational purposes only. They are not intended to represent or affirm a substantive admission of any allegations relating to the same.

## THE PARTIES

4. Answering the allegations of paragraph 4, this answering Defendant admits Plaintiff represented he is a resident of Scottsdale, Arizona and has been a member of USAA for thirty years. Except as admitted, Defendant denies the allegations as phrased.

5. Answering the allegations of paragraph 5, this answering Defendant admits that it is a Texas corporation, licensed to conduct insurance business in the State of California, with its principal place of business in San Antonio, Texas.

6. Answering the allegations of paragraph 6, this paragraph sets forth legal theories, conclusions, or arguments such that no response is required. To the extent a response is required, this answering Defendant avers the contents of the referenced website speak for themselves.

7. Answering the allegations of paragraph 7, this paragraph sets forth legal theories, conclusions, or arguments such that no response is required. To the extent a response is required, this answering Defendant avers the contents of the referenced website and "Code of Business and Ethics Conduct" speak for themselves.

8. Answering the allegations of paragraph 8, this paragraph sets forth legal theories, conclusions, or arguments such that no response is required. To the extent a response is required, this answering Defendant avers the contents of the referenced website speak for themselves.

## THE POLICIES

### *The Homeowners Policy*

9. Answering the allegations of paragraph 9, this answering Defendant admits that Plaintiff was the named insured under a homeowners insurance policy issued by USAA CIC, policy no. CIC 00777 83 75 90A, effective as amended from September 1, 2021 through September 1, 2022 ("Homeowners Policy") regarding property located at 6721 E McDowell Road, Unit 322C, Scottsdale, Maricopa, Arizona 85257.

10. Answering the allegations of paragraph 10, this paragraph sets forth legal theories, conclusions, or arguments such that no response is required. To the extent a response is required, this answering Defendant avers the terms, conditions, limitations, exclusions, definitions, and coverages set forth within the Homeowners Policy speak for themselves.

11. Answering the allegations of paragraph 11, this paragraph sets forth legal theories, conclusions, or arguments such that no response is required. To the extent a response is required, this answering Defendant avers the terms, conditions, limitations, exclusions, definitions, and coverages set forth within the Homeowners Policy speak for themselves.

12. Answering the allegations of paragraph 12, this paragraph sets forth legal theories, conclusions, or arguments such that no response is required. To the extent a response is required, this answering Defendant avers the terms, conditions, limitations, exclusions, definitions, and coverages set forth within the Homeowners Policy speak for themselves.

13. Answering the allegations of paragraph 13, this paragraph sets forth legal theories, conclusions, or arguments such that no response is required. To the extent a response is required, this answering Defendant avers the terms, conditions, limitations, exclusions, definitions, and coverages set forth within the Homeowner Policy speak for themselves.

### *The Umbrella Policy*

14. Answering the allegations of paragraph 14, this answering Defendant admits that Plaintiff was the named insured under a personal umbrella insurance policy issued by USAA CIC, policy no. CIC 00777 83 75 7OU, effective as amended from May 13, 2021 through May 13, 2022 ("Umbrella Policy").

15. Answering the allegations of paragraph 15, this paragraph sets forth legal theories, conclusions, or arguments such that no response is required. To the extent a response is required, this answering Defendant avers the terms, conditions, limitations, exclusions, definitions, and coverages set forth within the Umbrella Policy speak for themselves.

16. Answering the allegations of paragraph 16, this paragraph sets forth legal theories, conclusions, or arguments such that no response is required. To the extent a response is required, this answering Defendant avers the terms, conditions, limitations, exclusions, definitions, and coverages set forth within the Umbrella Policy speak for themselves.

### **THE BCS LAWSUIT AND USAA'S BREACHES**

17. Answering the allegations of paragraph 17, this answering Defendant admits a legal action entitled *Breaking Code Silence v. Katherina McNamara* and *Jeremy Whiteley* was filed in the

U.S. District Court for the Central District Court of California, Case No. 2:22-cv-02052 on March 28, 2022 ("BCS Complaint"). As the remainder of this paragraph sets forth legal theories, conclusions, or arguments such that no response is required. To the extent a response is required, this answering Defendant avers the contents of the BCS Complaint speak for themselves.

18. Answering the allegations of paragraph 18, this paragraph sets forth legal theories, conclusions, or arguments such that no response is required. To the extent a response is required, this answering Defendant avers the contents of the BCS Complaint speak for themselves.

19. Answering the allegations of paragraph 19, this paragraph sets forth legal theories, conclusions, or arguments such that no response is required. To the extent a response is required, this answering Defendant avers the contents of the BCS Complaint speak for themselves.

20. Answering the allegations of paragraph 20 and each of its subparts, this paragraph sets forth legal theories, conclusions, or arguments such that no response is required. To the extent a response is required, this answering Defendant avers the contents of the BCS Complaint speak for themselves.

21. Answering the allegations of paragraph 21, this answering Defendant admits on or about April 21, 2022, Plaintiff provided Defendant with a copy of the BCS Complaint and represented to Defendant that in his opinion, the allegations within the BCS Complaint were frivolous.

22. Answering the allegations of paragraph 22, this answering Defendant denies the allegations.

23. Answering the allegations of paragraph 23, this answering Defendant denies the allegations.

24. Answering the allegations of paragraph 24, this answering Defendant admits Plaintiff has paid premiums to Defendant. Except as admitted, Defendant denies the allegations as phrased.

### *Emotional Distress to Mr. Whiteley*

25. Answering the allegations of paragraph 25, this answering Defendant denies the allegations.

26. Answering the allegations of paragraph 26, this answering Defendant denies the allegations.

27. Answering the allegations of paragraph 27, this answering Defendant denies the allegations.

28. Answering the allegations of paragraph 28, this answering Defendant denies the allegations.

## **FIRST CAUSE OF ACTION**

*(For Breach of Contract)*

29. Answering the allegations of paragraph 29, as this paragraph merely incorporates prior allegations, no response is required. To the extent a response is deemed required, Defendant reasserts its above-alleged responses.

30. Answering the allegations of paragraph 30, this answering Defendant denies the allegations. Defendant further avers the terms, conditions, limitations, exclusions, definitions, and coverages set forth within the Umbrella Policy and Homeowners Policy speak for themselves.

31. Answering the allegations of paragraph 31, this answering Defendant denies the allegations. Defendant further avers the terms, conditions, limitations, exclusions, definitions, and coverages set forth within the Umbrella Policy and Homeowners Policy speak for themselves.

32. Answering the allegations of paragraph 32 and each of its subparts, this answering Defendant denies the allegations.

33. Answering the allegations of paragraph 33, this answering Defendant denies the allegations.

## **SECOND CAUSE OF ACTION**

*(For Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)*

34. Answering the allegations of paragraph 34, as this paragraph merely incorporates prior allegations, no response is required. To the extent a response is deemed required, Defendant reasserts its above-alleged responses.

35. Answering the allegations of paragraph 35, this paragraph sets forth legal theories, conclusions, or arguments such that no response is required. To the extent a response is required, this answering Defendant avers the terms, conditions, limitations, exclusions, definitions, and coverages set forth within the Umbrella Policy and Homeowners Policy speak for themselves.

36. Answering the allegations of paragraph 36, this paragraph sets forth legal theories, conclusions, or arguments such that no response is required. To the extent a response is required, this answering Defendant avers the terms, conditions, limitations, exclusions, definitions, and coverages set forth within the Umbrella Policy and Homeowners Policy speak for themselves.

37. Answering the allegations of paragraph 37 and each of its subparts, this answering Defendant denies the allegations.

38. Answering the allegations of paragraph 38, this answering Defendant denies the allegations.

39. Answering the allegations of paragraph 39, this answering Defendant denies the allegations.

40. Answering the allegations of paragraph 40, this answering Defendant denies the allegations.

41. Answering the allegations of paragraph 41, this answering Defendant denies the allegations.

42. Answering the allegations of paragraph 42, this answering Defendant denies the allegations.

## THIRD CAUSE OF ACTION

*(For Declaratory Relief)*

43. Answering the allegations of paragraph 43, as this paragraph merely incorporates prior allegations, no response is required. To the extent a response is deemed required, Defendant reasserts its above-alleged responses.

44. Answering the allegations of paragraph 44, this answering Defendant denies the allegations.

45. Answering the allegations of paragraph 45, this answering Defendant denies the allegations.

46. Answering the allegations of paragraph 46, this answering Defendant denies the allegations.

///

**PRAYER FOR RELIEF**

Answering Plaintiff's Prayer for Relief, and all its subparts, this answering Defendant denies that Plaintiff is entitled to any of the relief requested and avers Plaintiff should receive nothing by his Complaint.

**AFFIRMATIVE DEFENSES**

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that the sole and proximate cause of the circumstances and events complained of by Plaintiff in the Complaint was due to the acts or omissions of persons and entities other than this answering Defendant.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that the damages allegedly sustained by Plaintiff was either wholly or in part caused by persons and entities other than this answering Defendant. Such negligence or other actionable conduct was an intervening and superseding cause of the damages, injuries, and losses, if any there were, for which Plaintiff complains.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that the insurance policies at issue in the Complaint afforded no coverage or benefits, or that any further coverage or benefits were barred, in whole or in part, by the terms, conditions, limitations, and exclusions in the Homeowners Policy and Umbrella Policy.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that its actions have been consistent with and pursuant to its rights and

obligations under the terms, conditions, limitations in the Policy and that it acted reasonably and in good faith.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that any claims by Plaintiff against this answering Defendant are subject to the limits of liability and all terms, conditions, limitations, and exclusions of the Homeowners Policy and Umbrella Policy, as they were in effect on the date of the loss, as well as subject to any other legal or policy defenses this answering Defendant may have.

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that at all times and places mentioned in the Complaint herein, Plaintiff failed to mitigate the amount of his damages. The damages claimed by Plaintiff could have been mitigated by due diligence on their part or by one acting under similar circumstances. Plaintiffs' failure to mitigate is a bar to their recovery under the Complaint.

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that it is not liable on the Plaintiff's causes of action and claims for damages because this answering Defendant acted at all times in reasonable and good faith reliance on the opinion and advice of legal counsel based on counsel's full and complete understanding of all relevant facts.

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that the Complaint fails to state facts sufficient to constitute a claim for punitive or exemplary damages.

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages, violates this answering Defendant's right to

**DEFENDANT USAA CIC'S ANSWER AND AFFIRMATIVE DEFENSES**
**CASE NO. - 2:24-CV-00138**

procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of California, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages, violates this answering Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and violates this answering Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that this answering Defendant presently may have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available, and accordingly this answering Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates that such additional affirmative defenses would be appropriate.

WHEREFORE, Defendant USAA CIC prays for judgment as follows:

1. That Plaintiff takes nothing by his Complaint;
2. For an award of costs and disbursements herein; and
3. For such other and further relief as the Court deems proper.

///
///
///
///
///

Dated:  March 7, 2024     **D**KM **L**AW **G**ROUP**, LLP**

By: */s/Joshua N. Kastan*
    JOSHUA N. KASTAN
    JESSICA J. ROSS

    Attorneys for Defendant,
    USAA CASUALTY INSURANCE COMPANY

## DEMAND FOR JURY TRIAL

Defendant USAA CASUALTY INSURANCE COMPANY hereby demands a trial by jury.

Dated:  March 7, 2024     **D**KM **L**AW **G**ROUP**, LLP**

By: */s/Joshua N. Kastan*
    JOSHUA N. KASTAN
    JESSICA J. ROSS

    Attorneys for Defendant,
    USAA CASUALTY INSURANCE COMPANY