F:\MMM\PLDG\1693-651.nor-fed.docx

Maureen M. Michail, State Bar No. 185097
DANIELS, FINE, ISRAEL,
SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807
MICHAIL@DFIS-LAW.COM

Attorneys for Defendant
USAA CASUALTY INSURANCE
COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOY DRACUP STANLEY,<br><br>Plaintiff,<br><br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY, INC., and Does 1 through 100, inclusive,<br><br>Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED ON DIVERSITY JURISDICTION**<br><br>[28 U.S.C. § 1332; 28 U.S.C. § 1441(b) and 1446] |

PLEASE TAKE NOTICE that Defendant USAA CASUALTY INSURANCE COMPANY, a Texas Corporation hereby removes this action from the California Superior Court of the County of Los Angeles, West District **to** the United States District Court for the Central District of California, based on diversity jurisdiction as follows:

1.     On January 30, 2018, plaintiff Joy Dracup Stanley ("Plaintiff") filed a complaint for damages in the Superior Court of the State of California for the County of Los Angeles, entitled *Stanley v. USAA Casualty Insurance Company* designated as LASC case number SC128763.   A true and correct copy of plaintiff's state court complaint is attached hereto as Exhibit "A."

1

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

2.      Defendant USAA Casualty Insurance Company was served and first received plaintiff's complaint on February 8, 2018 through its agent for service of process CSC.

3.      USAA Casualty Insurance Company ("USAA CIC") filed and served its answer to plaintiff's complaint in state court on February 23, 2018.  A true and correct copy of defendant's state court answer and demand for jury trial are attached hereto as Exhibit "B."

4.      Besides the pleadings attached hereto – plaintiff's complaint and USAA CIC's answer and demand for jury trial - USAA CIC knows of no other pleadings or orders served by or upon USAA Casualty Insurance Company in the state court action.

5.      This is a civil action over which the above-captioned Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil case between citizens of different states, and the matter allegedly in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.      Plaintiff is, and was at all relevant times, a citizen of the County of Los Angeles, State of California.  Plaintiff's Complaint, Exhibit 1, pg. 2, lns. 2-3.

7.      Defendant USAA Casualty Insurance Company is and was at all times relevant to this action, a citizen of the State of Texas in that it is incorporated and has its principal place of business in Texas.

8.      Plaintiff claims and seeks damages in excess of $75,000 in that she alleges that USAA CIC breached its insurance contract by failing to defend and indemnify her in connection with an underlying litigation entitled *Park v. Joy Dracup Stanley* ("Underlying Action").  In addition to breach of contract damages, plaintiff seeks bad faith damages including general and special damages and attorneys' fees, plus prejudgment interest and punitive damages. See Plaintiff's Complaint, Exhibit A, pg. 8, lns. 3-12.

///

///

///

2

9.  Based on the foregoing facts, USAA Casualty Insurance Company may remove this action to this Court pursuant to the provisions of 28 U.S.C. § 1441(b).

Date:  February 28, 2018

DANIELS, FINE, ISRAEL,
SCHONBUCH & LEBOVITS, LLP

By: _____
Maureen M. Michail
Attorneys for Defendant
USAA CASUALTY INSURANCE COMPANY

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

3

EXHIBIT "A"

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 30 2018

Sherri R. Carter, Executive Officer/Clerk
By: Tom G. Holmes, Deputy

**LAW OFFICE OF MARTIN STANLEY**
Martin Louis Stanley, Esq. [State Bar No. 102413]
137 Bay Street, #2
Santa Monica, CA 90405
Telephone: (310) 399-2555
Facsimile: (310) 399-1190

*Attorney for Plaintiff, Joy Dracup Stanley*

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES – WEST DISTRICT

| | |
|---|---|
| JOY DRACUP STANLEY, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>USAA Casualty Insurance Company,<br>　　and Does 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No.:　**SC128763**<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br><br>**DEMAND FOR JURY TRIAL** |

///
///
///
///
///
///
///
///

-1-

COMPLAINT

CASE MANAGEMENT CONFERENCE

7-30-18 _____ 8:30am

_____
Date

JUDGE GERALD ROSENBERG   Dept 1C

**PLAINTIFF, JOY DRACUP STANLEY, alleges as follows:**

1.    Plaintiff Joy Dracup Stanley (hereafter "Plaintiff") is a resident of the State of California, County of Los Angeles.

2.    At all material times herein alleged, Defendant USAA Casualty Insurance Company (hereafter "Defendant") is an insurer that is authorized to issue and deliver policies of liability in the State of California.

3.    Plaintiff is unaware of the true identity, nature and capacity of each of the defendants designated herein as a DOE.  Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a DOE is in some manner responsible for the damages and injuries as are alleged in this complaint.  Upon learning the true identity, nature and capacity of DOE defendants, Plaintiff will amend this complaint to allege their true names and capacities.

4.    Plaintiff is informed and believes and thereon alleges that at all material times herein alleged that the defendants, and each of them, were the agents, servants and employees of the other defendants, and each of them.

5.    In or around 2016, Plaintiff purchased a homeowner's insurance policy (No. 00303507092A) from the defendants and each of them.  This homeowner's insurance policy had effective dates of coverage of approximately December 8, 2016 through and including December 8, 2017.

6..    Plaintiff is the named insured under the homeowner's insurance policy.

7. Plaintiff is an insured under the homeowner's insurance policy for liabilities covered by the policy arising out of Plaintiff's activities.

8.    **Dwelling Policy, DP-3(02), 08-13**, effective 12/01/2016 to 12/01/2017, **SECTION II – LIABILITY COVERAGES**, page 21 of 31, states as follows:

**COVERAGE L – Personal Liability**

If a claim is made or a suit is brought against any **Insured** for damages because of **bodily injury** or **property damage** arising out of the ownership, maintenance, occupancy or use of the **insured locations** and caused by an **occurrence** to which this coverage applies, we will:

1.    Pay up to our limit of liability for the **damages** for which the **insured** is legally liable; and

2.      Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent.  We may investigate and settle any claim or suit that we decide is appropriate.  Our duty to settle or defend ends when the amount we pay for **damages** resulting from the **occurrence** equals our limit of liability.  This coverage does not provide defense to any **insured** for criminal prosecution or proceedings.

**DEFINITIONS**

3.      **Bodily injury** means physical injury, sickness or disease, including required care, loss of services and death that results.

14.      **Occurrence** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period in:  **a. Bodily injury; or b. Property damage.**

19.      **Property damage** means physical damage to or destruction or tangible property, including loss of use of this property.

9.      On or about June 22, 2017, Michelle Park filed a complaint in the Los Angeles Superior Court (Case No. SC127729) entitled Michelle Park v. Joy Dracup Stanley  (hereafter "the Park lawsuit").

10.      The complaint in the Park lawsuit alleges, inter alia, that Plaintiff trespassed and acted negligently in connection with Plaintiff's neighboring property that was owned by Michelle Park.

11.      After being served with the summons and complaint in the Park lawsuit, Plaintiff timely and duly tendered the defense of the action to the defendants, and each of them.  Defendants subsequently acknowledged the receipt of the tender of defense.

12.      Defendants, and each of them, failed to conduct a prompt full and complete investigation of the facts and circumstances giving rise to the claims asserted in the Park lawsuit.  Subsequently, the defendants and each of them, denied the tender of the defense and denied plaintiff's claim in its entirety.

13.      Defendants, and each of them, failed and refused to:

A.      Conduct a prompt, full and complete investigation of the claims in addition to those matters which were alleged in the pleadings filed in the Park lawsuit;

B.      Defend their insured from the claims asserted in the Park lawsuit;

C.      Indemnify their insured from the claims asserted in the Park lawsuit;

D.     Conduct any investigation after they rejected the tender of defenses and the Plaintiff advised defendants that they had failed to conduct a proper investigation into the circumstances surrounding the claims asserted in the Park lawsuit;

E.     Advise Plaintiff in a timely manner regarding the status of the claim and the need of the defendants for additional time to respond to Plaintiff's claim; and

F.     Promptly respond to communications with respect to the claim.

14.   Had the defendants and each of them conducted a reasonable investigation of the claim, the defendants and each of them would have defended plaintiff from any and all claims in the lawsuit and indemnified plaintiff from the claims asserted in the Park lawsuit.

15.   Plaintiff has performed all of her obligations under each of the contracts identified above, except for those obligations which because of the breach by the defendants, or any of them, of their obligations, Plaintiff has been excused or prevented from performing.

## FIRST CAUSE OF ACTION

### (By Plaintiff Against All Defendants For Breach of Contract)

16.   Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 15 as though fully set forth at length.

17.   Plaintiff is informed and believes and thereon alleges that defendants, and each of them, breached their obligation under the homeowner's insurance policy in the following manner:

A.     By delaying in making any determination under all potentially applicable coverages as to whether or not any defense was owed by the defendants, or any of them, to the Plaintiff for the claims arising out of the Park lawsuit;

B.     By failing to conduct a full and complete investigation into the facts and circumstances of the claims asserted against Plaintiff in the Park lawsuit;

C.     By failing and refusing to defend the Plaintiff from the claims asserted in Park lawsuit;

D.     By failing and refusing to indemnify Plaintiff from the claims asserted in the Park lawsuit; and

E.     By doing each of the acts or omissions alleged in paragraph 14.

18.   Plaintiff is informed and believes that the defendants, and each of them, failed and refused to conduct an investigation into the facts and circumstances of the claims asserted against Plaintiff in the

Park lawsuit. As a result of the breaches of contract by the defendants, or any of them, to conduct any investigation in the facts and circumstances of the claims asserted against Plaintiff, Plaintiff has been damages, injured and prejudiced. Plaintiff was required to retain counsel and defend herself against the claims asserted against her.

19. As a result of the failure and refusal of the defendants, or any of them, to conduct an investigation, the defendants and each of them are estopped from relying upon any subsequently discovered information to support their rejection of Plaintiff's tender of her defense in the Park lawsuit.

20. As a result of the failure and refusal of the defendants, or any of them, to conduct an adequate, full and/or complete investigation, the defendants and each of them are deemed to have waived any obligation on the part of Plaintiff to cooperate with the defendants and each of them in defense of the Park lawsuit.

21. As a direct and proximate result of the breach by the defendants of their obligations under the homeowner's insurance policy, Plaintiff has been damaged as follows:

A. Plaintiff has been required to retain attorneys to defend herself from the claims asserted in the Park lawsuit all in an amount to be proved at time of trial, and plaintiff is facing the potential claims without the indemnification and/or potential indemnification that was due and owing under the policy; and

B. General damages in an amount to be proved at time of trial.

22. Plaintiff is informed and believes and thereon alleges that the denial of benefits, as alleged in this Complaint, was vexatious and without reasonable cause, as alleged in this Complaint. Pursuant to Insurance Code section 1619, Plaintiff is entitled to reasonable attorney fees incurred in prosecuting this action in an amount to be proved at time of trial.

## SECOND CAUSE OF ACTION

**(By Plaintiff Against All Defendants For Breach of the Covenant of Good Faith and Fair Dealing)**

23. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 22 as through fully set forth at length.

24. Plaintiff is informed and believes and thereon alleges that the defendants and each of them breached the implied covenant of good faith and fair dealing arising out of the homeowner's insurance policy, in the following respects:

A.      The defendants, and each of them, unreasonably and without proper cause failed and refused to conduct a full, complete and or adequeate investigation into the facts which gave rise to the claims asserted in the Park lawsuit;

B       The defendants, and each of them unreasonably and narrowly interpreted the homeowner's insurance policy in a manner calculated to deny benefits due to the Plaintiff under the policy;

C.      The defendants, and each of them, unreasonably refused to pay for the defense of the Park lawsuit; and

D.      The defendants, and each of them, unreasonably refused to pay for any settlement, indemnity and/or potential indemnity of the Park lawsuit.

25.    The denial of benefits claimed by Plaintiff under the homeowner's insurance policy was done by the defendants without reasonable cause.  Defendants knew that a duty to defend was owed to Plaintiff, yet refused to provide such a defense.  As a direct and proximate result of the unreasonable conduct of the defendants, and each of them, Plaintiff has been required to retain attorneys to obtain benefits due to her under the policy, and/or to face the Park claim without indemnity and/or potential indemnity.  Plaintiff has suffered emotional distress as a direct result of the conduct of the defendants and each of them.

26.    As a direct result of the tortious conduct of the defendants and each of them, Plaintiff was damaged and injured.  Plaintiff, is therefore, entitled to recover:

A.      Reasonable attorney fees incurred by Plaintiff in obtaining policy benefits in an amount to be proved at trial;

B.      Plaintiff is entitled to an award of general damages as compensation for her emotional distress in an amount that is to be proved at time of trial; and

C.      Attorneys fees incurred in defending the Park lawsuit, and/or the amount of any settlement and/or indemnity and/or judgment in the Park lawsuit including but not limited to any settlement payments made by Plaintiff.

27.    Plaintiff is informed and believes and thereon alleges that the defendants, and each of them, intentionally engaged in a course of conduct which was intended to oppress Plaintiff and to dissuade Plaintiff, and her counsel from seeking benefits due to Plaintiff under the policy.

28.    The refusal of the defendants and each of them to carry out their obligations under the insurance policy to investigate, defend, indemnify and to promptly communicate their coverage position to their insured, and the acts of their agents were all done in a conscious disregard of the rights of the Plaintiff to receive the benefits due her under the policy.  The acts were committed both by employees of the defendant, which ratified their actions, and by the management, which reviewed the matters alleged herein, and agreed with the actions which resulted from knowing and intentional denials of the duty to defend, duty to indemnify, and/or other policy benefits.  These acts were done with the knowledge and approval and ratification of the defendants and each of them.  These acts continued even after the Plaintiff protested to the defendants and Plaintiff was powerless to obtain from the defendants a compliance with their obligations.  Plaintiff is therefore entitled to recover punitive damages.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JOY DRACUP STANLEY prays that:

A.    For damages according to proof for breach of contract, including costs of defense incurred by Plaintiff in her defense of the claims in the Park lawsuit and that amounts paid settlement of those claims including indemnification and/or potential indemnification;

B.    For general and compensatory damages including, but not limited to, injuries resulting from humiliation, mental anguish and emotional distress according to proof;

C.    For attorney fees incurred in bringing this action pursuant to Insurance Code section 1619;

D.    For attorney fees incurred in obtaining policy benefits, as provided by law; and

E.    For prejudgment interest in an amount to be proved at time of trial;

F.    For punitive damages in an amount sufficient to deter and make an example of defendants;

G.    For costs of suit incurred herein; and

H.    For such other and further relief as the court may deem just and proper.


Dated: January 30, 2018                       Law Office of Martin L. Stanley


                                              MARTIN L. STANLEY
                                              Attorney for Plaintiff,
                                              Joy Dracup Stanley


**REQUEST FOR JURY TRIAL**

Plaintiff demands trial by jury.


Dated: January 30, 2018                       Law Office of Martin L. Stanley


                                              MARTIN L. STANLEY
                                              Attorney for Plaintiff,
                                              Joy Dracup Stanley

-8-

COMPLAINT

EXHIBIT "B"

F:\MMM\PLDG\1693-651.ans01.docx

DANIELS, FINE, ISRAEL,
SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807
Maureen M. Michail, SBN 185097

Attorneys for Defendant
USAA CASUALTY INSURANCE
COMPANY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 23 2018

Sherri R. Carter, Executive Officer/Clerk
By: Marcos Mariscal Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES - WEST DISTRICT

| | |
|---|---|
| JOY DRACUP STANLEY, an individual,<br><br>       Plaintiff,<br><br>vs.<br><br>USAA Casualty Insurance Company,<br>and Does 1 through 100, inclusive,<br><br>       Defendants. | Case No. SC128763<br>[Complaint Filed:  January 30, 2018]<br><br>USAA CASUALTY INSURANCE<br>COMPANY'S ANSWER TO PLAINTIFF'S<br>COMPLAINT FOR BREACH OF<br>CONTRACT AND BREACH OF<br>COVENANT OF GOOD FAITH AND FAIR<br>DEALING; DEMAND FOR JURY TRIAL |

COMES NOW Defendant USAA CASUALTY INSURANCE COMPANY, a

Texas Corporation ("USAA CIC"), for itself alone, and answers plaintiff's complaint herein as

follows:

       1.  Pursuant to the provisions of section 431.30(d) of the Code of Civil Procedure

of the State of California, USAA CIC denies generally and specifically, each and every, all and

singular, the allegations contained in said complaint, and each and every cause of action therein

set forth, and specifically denies that plaintiff has been injured and/or damaged in the amounts

therein alleged or in any other amount or amounts or at all, by an act or omission on the part of

USAA CIC.

///

///

1

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State Facts)

2.  The complaint and each and every cause of action therein set forth, fails to state facts sufficient to constitute a cause of action against USAA CIC.

## SECOND AFFIRMATIVE DEFENSE

### (No Duty To Defend)

3.  USAA CIC had/has no duty to defend or indemnify plaintiff in the underlying action entitled, *Park v. Stanley,* Los Angeles Superior Court Case No. SC127729; thus, plaintiff cannot state a claim for breach of contract or bad faith against USAA CIC.

## THIRD AFFIRMATIVE DEFENSE

### (Statute Of Limitations)

4.  The action is barred by the statutes of limitations at California Code of Civil Procedure Sections 337, 338, 339, and 343 and by contractual limitations period set forth in the USAA CIC Policy at issue in plaintiff's complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

5.  This action is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (No Coverage)

6.  USAA CIC alleges that the complaint, and each and every purported claim asserted therein, is barred by the terms, conditions and covenants of the USAA CIC policy at issue in plaintiff's complaint.

///

///

///

2

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

### SIXTH AFFIRMATIVE DEFENSE

### (Mitigation Of Damages)

7.    To the extent plaintiff failed to mitigate any damages allegedly sustained, any recovery by plaintiff against USAA CIC must be reduced accordingly.

### SEVENTH AFFIRMATIVE DEFENSE

### (Failure To State A Claim For "Bad Faith")

8.    Plaintiff's complaint fails to state facts sufficient to allege a cause of action against USAA CIC for breach of the implied covenant of good faith and fair dealing.

### EIGHTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

9.    Plaintiff's claim for punitive or exemplary damages violates the United States Constitution, as applied to the States through the Fourteenth Amendment.  Furthermore, the complaint fails to allege facts demonstrating malice, oppression or fraud.

### NINTH AFFIRMATIVE DEFENSE

### (No Economic Loss)

10.   Plaintiff cannot maintain a claim against USAA for breach of the implied covenant of good faith and fair dealing since she did not incur any actual financial out-of-pocket loss as a result of any alleged "bad faith" on the part of USAA.

### TENTH AFFIRMATIVE DEFENSE

### (Implied Covenant Of Good Faith And Fair Dealing)

11.   At all times relevant, USAA CIC acted reasonably, in good faith, with proper cause, and in conformity with California law and the USAA CIC policy.

///

///

3

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

### ELEVENTH AFFIRMATIVE DEFENSE

### (Genuine Dispute)

12.   USAA CIC reasonably and genuinely disputed its obligation to defend and/or indemnify plaintiff in connection with the underlying action.  Such a "genuine dispute" regarding USAA CIC's obligations forecloses plaintiff's "bad faith" claim.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Obligation to Pay Pre-Tender Fees or Costs or Fees Not Actually Incurred)

13.   Under the USAA CIC Policy and California case law, USAA CIC has no obligation to pay fees and/or costs voluntarily incurred by plaintiff before she tendered her defense to USAA CIC in writing, or for which plaintiff is not legally obligated to pay in connection with the underlying action

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Reservation Of Rights To Add Defenses)

14.   USAA CIC alleges that it may have other, separate and additional defenses of which it is not presently aware, and hereby reserves the right to assert them by amendment to this answer when discovery is complete.

WHEREFORE, USAA prays that plaintiff take nothing by way of her complaint on file herein; that judgment be entered in favor of USAA CIC and against plaintiff, together with costs of suit and such other and further relief as the court deems just and proper.

Date:  February 22, 2018

DANIELS, FINE, ISRAEL,
SCHONBUCH & LEBOVITS, LLP

By: _____
Maureen M. Michail
Attorneys for Defendant
USAA CASUALTY INSURANCE COMPANY

4

**DEMAND FOR JURY TRIAL**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant USAA CASUALTY INSURANCE COMPANY ("USAA CIC") hereby demand(s) trial by jury of the above-entitled action.

Date: February 22, 2018

DANIELS, FINE, ISRAEL,
SCHONBUCH & LEBOVITS, LLP

By: _____

Maureen M. Michail
Attorneys for Defendant
USAA CASUALTY INSURANCE COMPANY

5

USAA CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
FOR BREACH OF CONTRACT AND BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;
DEMAND FOR JURY TRIAL

## PROOF OF SERVICE

State of California        )
County of Los Angeles    )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1801 Century Park East, Ninth Floor, Los Angeles, California 90067. On February 22, 2018, I served the within document(s): USAA CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; DEMAND FOR JURY TRIAL by placing a true copy thereof in sealed envelopes as stated on the attached mailing list.

[  ]    **BY FACSIMILE TRANSMISSION**  I transmitted said document(s) via facsimile machine pursuant to C.R.C. rule 2.306 to fax number FACSIMILE NUMBER. The facsimile machine I used complied with rule 2.306 and no error was reported by the machine. Pursuant to rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

[ XX ]    **BY MAIL**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice a true copy would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[  ]    **BY PERSONAL SERVICE**  I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached mailing list.

[  ]    **BY OVERNIGHT DELIVERY SERVICE**  I caused such envelope to be deposited with an overnight delivery service (Overnite Express/Federal Express) for delivery the next court day, or at most, within two court days of the above date.

[  ]    **BY E-MAIL OR ELECTRONIC TRANSMISSION**.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ XX ]    (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[  ]    (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 22, 2018, at Los Angeles, California.

_____
Gwendolyn Crawford

6

---

USAA CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
FOR BREACH OF CONTRACT AND BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;
DEMAND FOR JURY TRIAL

## SERVICE LIST

Martin Louis Stanley, Esq.
LAW OFFICE OF MARTIN STANLEY
137 Bay Street, #2
Santa Monica, CA 90405
Tel: 310.399.2555
Fax: 310.399.1190
*Attorney for Plaintiff, Joy Dracup Stanley*

7

## PROOF OF SERVICE

State of California        )
County of Los Angeles      )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 1801 Century Park East, Ninth Floor, Los Angeles, California 90067.  On February 28, 2018, I served the within document(s): NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED ON DIVERSITY JURISDICTION by placing a true copy thereof in sealed envelopes as stated on the attached mailing list.

☐ **BY FACSIMILE TRANSMISSION**  I transmitted said document(s) via facsimile machine pursuant to C.R.C. rule 2.306  to fax number FACSIMILE NUMBER.  The facsimile machine I used complied with rule 2.306 and no error was reported by the machine.  Pursuant to rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

XX  **BY MAIL**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice a true copy would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE**  I caused personal delivery by ATTORNEY SERVICE of  said document(s) to the offices of the addressee(s) as set forth on the attached mailing list.

☐ **BY OVERNIGHT DELIVERY SERVICE**  I caused such envelope to be deposited with an overnight delivery service (Overnite Express/Federal Express) for delivery the next court day, or at most, within two court days of the above date.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION**.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

XX  (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 28, 2018, at Los Angeles, California.

_____
Gwendolyn Crawford

4

## SERVICE LIST

1
Martin Louis Stanley, Esq.
LAW OFFICE OF MARTIN STANLEY
137 Bay Street, #2
2
Santa Monica, CA 90405
Tel: 310.399.2555
3
Fax: 310.399.1190
***Attorney for Plaintiff, Joy Dracup Stanley***
4

5

6
1693-651

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED ON DIVERSITY JURISDICTION