Shaun H. Crosner (SBN 259065)
SCrosner@PasichLLP.com
PASICH LLP
1230 Rosecrans Avenue, Suite 690
Manhattan Beach, CA 90266
Telephone: (424) 313-7860
Facsimile: (424) 313-7890

Tae E. Andrews (Admitted *Pro Hac Vice*)
TAndrews@PasichLLP.com
PASICH LLP
286 Madison Avenue, 12th Floor
New York, NY 10017
Telephone: (212) 686-5000
Facsimile: (424) 313-7890

Joshua N. Kastan (SBN 284767)
JNK@dkmlawgroup.com
Jessica J. Ross (SBN 313988)
JJR@dkmlawgroup.com
DKM LAW GROUP, LLP
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: (415) 421-1100
Facsimile: (415) 842-0095

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY R. WHITELEY,<br><br>   Plaintiff,<br><br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>   Defendant. | Case No. 2:24-cv-00138-DSF-MAA<br><br>Assigned to the Honorable Dale S. Fischer<br><br>**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)**<br><br>Scheduling Conference: Monday, May 6, 2024<br><br>Complaint Filed on May 5, 2022 |

**JOINT RULE 26(f) REPORT**

Plaintiff Jeremy R. Whiteley ("Mr. Whiteley") and Defendant USAA Casualty Insurance Company ("USAA CIC") (together, the "Parties") by and through their respective counsel, hereby jointly submit their report of the meeting of parties and counsel, as required by Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and this Court's March 7, 2024, Order (ECF No. 16).  A telephonic conference was held on March 20, 2024, and was attended by counsel for Mr. Whiteley, Tae Andrews, and counsel for USAA CIC, Joshua Kastan.  Each party's position stated in this Rule 26(f) Joint Report was separately verified by the party or counsel in question.

a. **Statement of the Case:**

*Plaintiff's Statement:*

This is an insurance coverage action filed by Mr. Whiteley seeking coverage under two liability policies issued by USAA—Unit Owners - Homeowners Policy Number CIC 00777 83 75 90A (the "Homeowners Policy") and Personal Umbrella Policy Number CIC 00777 83 75 70U (the "Umbrella Policy") (together, the "Policies").  Mr. Whiteley seeks defense and indemnity coverage against liability for an underlying lawsuit titled *Breaking Code Silence v. McNamara et al.*, Case No. 2:22-cv-002052, in the Central District of California (the "*BCS* Lawsuit").

The *BCS* Lawsuit alleges multiple offenses, including libel, slander, and/or defamation of character, as well as invasion of rights of privacy.  Specifically, the *BCS* Lawsuit alleges that the defendants, including Mr. Whiteley, resigned from the board of Breaking Code Silence ("BCS"), a nonprofit organization, and then formed a competitor organization called UnSilenced.  The *BCS* Lawsuit further alleges that while at UnSilenced, the defendants, including Mr. Whiteley, "made defamatory statements to valued partners, resulting in strained and, in some cases, terminated valued relationships."  In addition, the *BCS* Lawsuit alleges that "each of the Defendants is responsible for the actions of the other Defendants[,]" as alleged therein.  The *BCS* Lawsuit also alleges that the defendants, including Mr. Whiteley,

disclosed "misleading information to the public" and disseminated "false information by impersonating BCS." In addition, the *BCS* Lawsuit alleges that the defendants, including Mr. Whiteley, obtained and converted "secret, confidential, and proprietary information, documents, data, work product, business opportunities, business relationships, and other property belonging to BCS to use such property for their own benefit and for their own competitive advantage, and to deprive BCS of the use of such property in its business." The *BCS* Lawsuit further alleges that the defendants, including Mr. Whiteley, accessed BCS's website "without permission or authorization from BCS and caused the website to be deindexed on Google," meaning that "no one could find BCS's Website on the largest search engine." The *BCS* Lawsuit seeks damages and injunctive relief enjoining the defendants, including Mr. Whiteley, from: (a) obtaining, using, or disclosing any of BCS's company data, "including any and all sensitive confidential and proprietary information and any and all donor contact information"; "disseminating any hard or electronic documents containing BCS's confidential and proprietary information"; or (c) providing any third party with BCS "donor-specific or employee-specific information," among other relief requested.

On those bases, among others, Mr. Whiteley contends that the *BCS* Lawsuit falls squarely within the "personal injury" coverages afforded under the Policies USAA sold to him, which cover wrongful eviction; wrongful entry; libel; slander; defamation; invasion of rights of privacy; oral, written, or electronic publication of a false statement that defames a person's or organization's character or reputation; and oral, written, or electronic publication of material that violates a person's rights of privacy by publicly disclosing private facts; among other things.

Mr. Whiteley contends that he is entitled to coverage for the defense fees and costs incurred in connection with the *BCS* Lawsuit and any judgment or settlement in the *BCS* Lawsuit, and Mr. Whiteley has asserted claims against USAA for breach of contract, tortious breach of the implied covenant of good faith and fair dealing,

and declaratory relief.

***Defendant's Statement:***

USAA CIC did not owe a duty to defend the underlying *BCS* Lawsuit under the applicable terms, conditions, limitations, and exclusions of Mr. Whiteley's Homeowners Policy, Mr. Whiteley's Umbrella Policy, or California law as there was no potential for coverage under Mr. Whiteley's policies. Specifically, USAA CIC did not—and does not—owe Mr. Whiteley a duty to defend or duty to indemnify against the allegations of the *BCS* Lawsuit for reasons including but not limited to those that follow.[1]

<u>The Subject Policies</u>

*Homeowners Policy*. USAA CIC issued an Arizona Unit-Owners to Mr. Whiteley, policy number 00777 83 75 90A, effective September 1, 2021 to September 1, 2022. Liability coverage was provided through the Unit Owners – Homeowners Policy HO-6R (02) (07-08). The policy was endorsed with the Sharing Economy Endorsement HO-HS (04-18) and Personal Injury Liability HO-82 (07-08). Subject to its terms, the policy provided liability coverage with limits of up to $1,000,000 per occurrence.

*Umbrella Policy*. USAA CIC also issued an Arizona Personal Umbrella Policy to Mr. Whiteley, policy number CIC 00777 83 75 70U, effective from May 13, 2021 to May 13, 2022. This policy provided umbrella coverage above the Homeowners policy with limits of up to $5,000,000 per occurrence. Liability coverage was provided through the Personal Umbrella Policy PU-2009 (07-09).

<u>The Underlying *BCS* Lawsuit</u>

On March 28, 2022, BCS filed the underlying *BCS* Lawsuit in this District, naming Katherine McNamara (who is not an insured and not a party in the instant

---

[1] For purposes this Rule 26(f) report, this is not intended to be an exhaustive discussion of the underlying facts from USAA CIC's perspective or an exhaustive recitation of all applicable policy terms.

4
**JOINT RULE 26(f) REPORT**

action) and Mr. Whiteley. In pertinent part, the *BCS* complaint alleged that:

- This District had jurisdiction over Mr. Whiteley due to "Whiteley's purposeful and unlawful conduct knowingly directed to BCS within the State of California and in this District." (*BCS* Complaint, at ¶ 7.)
- The alleged conduct on the part of Mr. Whiteley included "acts of cyber hacking directed to BCS . . . ." (*Id.*)
- Mr. Whiteley was a member of the BCS board for several months until June 28, 2021 at which time he "terminated his relationship with BCS . . . . ." (*Id.* at 11.)
- On March 10, 2022, "using [Mr.] Whiteley's former administrative credentials, both Defendants exercised an extreme act and maliciously accessed BCS's account with Google via the Google Search Console . . . . without permission or authorization from BCS and caused the website to be deindexed on Google. The effect of being deindexed is that no one could find BCS's Website on the largest search engine." (*Id.* at 36.)
- "[The *BCS*] Defendants repeatedly, relentlessly, and maliciously attempted to remove and/or gain control of the BCS Website and corresponding Google Webmaster Central permissions . . . ." (*Id.* at ¶ 39.)
- In addition to "causing the BCS website to be deindexed, [the *BCS* Defendants] have attempted or succeeded in changing the content of the website." (*Id.* at ¶ 43.)
- "[The *BCS*] Defendants have acted intentionally, and with wanton and reckless disregard for the members of the public that their conduct has and continues to harm, by commandeering BCS's communications tools and ability to convey information across all of its core online channels." (*Id.* at 46.)

The *BCS* complaint alleged two causes of action against the *BCS* Defendants, including Mr. Whiteley.

First, a cause of action for violation of the Computer Fraud & Abuse Act (18 U.S.C section 1030 *et seq.*) based on Mr. Whiteley "intentionally accessing a computer used for interstate commerce or communication without authorization or by exceeding authorized access to such a computer, and by obtaining information from such a computer, including but not limited to, accessing BCS's Google accounts to cause the website to be deindexed." (*BCS* Complaint, at ¶ 56.)

Second, a cause of action for Violation of California Penal Code section 502 (California Computer Data Access and Fraud Act).

The *BCS* Complaint seeks injunctive relief as well as treble damages, restitution, and punitive and exemplary damages.

Basis for USAA CIC's Coverage Declination

USAA CIC declined Mr. Whiteley's tender of his defense and indemnity under the Homeowners Policy and Umbrella Policy for several reasons.

First, the policies provided coverage for damages because of **"bodily injury"** and "property damage". The *BCS* lawsuit, however, solely concerns economic damages allegedly suffered by *BCS* as a result of the conduct alleged in the *BCS* Complaint. Economic harm of this type does not fall within the insuring provisions of the policies for "bodily injury" and "property damage" under California law.

Second, the policies provided coverage only for "damages" due to "bodily injury" and "property damage" caused by an "occurrence," which means an accident. The *BCS* Complaint does not allege accidental conduct; instead, the *BCS* Complaint alleges damage due to intentional and knowing violations of the Computer Fraud & Abuse Act and the California Computer Data Access and Fraud Act. Any damages that may result from such conduct does not result from an accident.

Third, the *BCS* Complaint alleges that Mr. Whiteley and his co-defendant committed various violations of the Computer Fraud & Abuse Act and the California

Computer Data Access and Fraud Act. The complaint does not allege or touch upon any of the "personal injury" offenses listed in the Personal Injury Endorsement and/or Personal Umbrella Policy.

Fourth, the policy excludes coverage for damages intended or reasonably expected by any insured. The Personal Injury Endorsement requires that any covered Personal Injury offense must be neither expected nor intended from the standpoint of the "insured" (here, Mr. Whiteley). Even if the *BCS* Complaint could be said to allege a "personal injury" offense—which USAA CIC does not believe it does—the acts alleged in the *BCS* Complaint were committed knowingly and intentionally according to the allegations and based upon the requirements of the respective statutes, and therefore cannot be said to have been unexpected or unintended from the standpoint of the insured. We conclude that these policy provisions would preclude coverage based on the nature of the conduct alleged in the complaint.

<u>USAA CIC's Position Regarding the Instant Allegations Against It</u>

For the above reasons, as well as others that have been previously communicated to Mr. Whiteley and his counsel prior to their filing of this lawsuit, USAA CIC neither has a duty to defend nor indemnify Mr. Whiteley in the *BCS* Lawsuit.

Without coverage, Mr. Whiteley's breach of contract claim fails and with it, so too do his claims for tortious breach of the implied covenant of good faith and fair dealing, declaratory relief, and punitive damages.

Even if a potential for coverage is found—which it should not be—USAA CIC denies any liability as to Mr. Whiteley's extracontractual allegations, including but not limited to based upon its reliance on the advice of counsel regarding its coverage position and the reasonableness of its coverage position. At a minimum, there is no basis for Mr. Whiteley's punitive damages claim, especially to the requisite clear and convincing standard of proof.

b. **Subject Matter Jurisdiction:**

The parties agree that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 based on complete diversity of citizenship between the parties and because the amount in controversy, exclusive of costs and interest, exceeds $75,000.

c. **Legal Issues:**

The parties currently believe that the following legal issues are relevant and in dispute:

- Whether one or both of the Policies provide(s) coverage for the *BCS* Lawsuit;
- Whether and to what extent USAA has a duty to defend Mr. Whiteley against the *BCS* Lawsuit and reimburse him for past defense costs and fees incurred in connection with defending the *BCS* Lawsuit;
- Whether and to what extent USAA will have any indemnification obligations in connection with any final judgment or settlement in the *BCS* Lawsuit;
- Whether the *BCS* Lawsuit alleges "personal injury" covered by one or both of the Policies;
- Whether the *BCS* Lawsuit alleges "personal injury" caused by an "occurrence" under the Homeowners Policy;
- Whether USAA tortiously breached the implied covenant of good faith and fair dealing;
- Whether USAA CIC reasonably relied upon the advice of counsel in forming its coverage position; and
- The amount of damages, if any, to be awarded to Mr. Whiteley; and
- Whether Mr. Whiteley can prove his claim for punitive damages against USAA CIC.

      d.      **Parties and Evidence:**

Parties:

- Mr. Whiteley
- USAA CIC

Percipient Witnesses

- Mr. Whiteley
- Katherine McNamara
- John Kaczmarek
- Mark Israel
- Eric Mullett
- Attorneys at Pasich LLP representing Mr. Whiteley in connection with this lawsuit
- Dirk O. Julander
- Catherine A. Close
- M. Adam Tate

Key Documents

- The Policies
- USAA's Claims File
- Filings and discovery from the underlying *BCS* Lawsuit
- Documents reflecting defense fees and costs incurred in the underlying *BCS* Lawsuit
- Documents reflecting legal fees and costs incurred by Mr. Whiteley in pursuit of coverage under the Policies

      e.      **Damages:**

Mr. Whiteley contends he has sustained at least $1,375,000 in damages, plus interest at the legal rate, due to USAA's refusal to defend him against the *BCS* Lawsuit.

USAA CIC denies all of Mr. Whiteley's allegations, including his damages

claims.

   f.   **Insurance:**

This is an insurance coverage lawsuit in which the main issues in dispute are whether USAA has a duty to defend and indemnify Mr. Whiteley against the *BCS* Lawsuit under one or both of the Policies. USAA issued denial letters on May 17, 2022, and November 9, 2023.

   g.   **Motions:**

*Plaintiff's Statement:*

Mr. Whiteley intends to file a motion for judgment on the pleadings as to USAA's duty to defend in the coming weeks. Mr. Whiteley presently does not anticipate filing any motions to add other parties or claims, file amended pleadings, or transfer venue at this time.

*Defendant's Statement:*

USAA CIC believes this case would be more appropriately adjudicated through a Rule 56 motion and not a Rule 12(c) motion as Mr. Whiteley's envisions. To the extent Mr. Whiteley moves forward with a Rule 12(c), USAA CIC will oppose it and also request that the Court affirmatively find that USAA CIC owed Mr. Whiteley no duty to defend him against the *BCS* Lawsuit.

USAA CIC anticipates filing a Rule 56 motion as to all of Mr. Whiteley's claims.

Otherwise, USAA CIC does not anticipate filing any motions to add other parties or claims, file amended pleadings, or transfer venue at this time.

   h.   **Status of Discovery:**

The parties will make initial disclosures pursuant to Rule 26(c) on April 3, 2024.

   i.   **Discovery Plan:**

*Plaintiff's Statement:*

Mr. Whiteley does not anticipate any need for changes to the timing, form, or

requirement for disclosures under Rule 26(a).  The parties will make initial disclosures on April 3, 2024.

As noted above, Mr. Whiteley intends to file a motion for judgment on the pleadings as to USAA's duty to defend the *BCS* Lawsuit.  Following the Court's ruling on Mr. Whiteley's contemplated motion, it may be necessary for Mr. Whiteley to seek a stay of this lawsuit pursuant to pending resolution of the underlying *BCS* Lawsuit, pursuant to the principles outlined in *Montrose Chem. Corp. v. Super. Ct.*, 6 Cal. 4th 287 (1993).  As the California Supreme Court stated in *Montrose*, "[t]o eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief [insurance coverage] action is appropriate when the coverage question turns on facts to be litigated in the underlying action." *Id.* at 301.

Pursuant to the principles articulated in *Montrose* and its progeny, Mr. Whiteley submits that, beyond the parties' initial disclosures, discovery in this lawsuit must be deferred until after the underlying *BCS* Lawsuit is fully resolved.  Once discovery in this case begins in earnest, Mr. Whiteley anticipates needing fact discovery regarding USAA's investigation of his claim and USAA's denial of coverage for the *BCS* Lawsuit, including discovery regarding USAA's claim file and notes.  Mr. Whiteley contemplates the need for written discovery (including requests for production of documents, requests for admission, and interrogatories), as well as one or more depositions bearing on USAA's investigation and denial of coverage.  Provisionally, and subject to the timing of resolution of the underlying *BCS* Lawsuit, Mr. Whiteley submits that fact discovery should be completed by November 11, 2024, and should not be conducted in phases.

Mr. Whiteley presently anticipates expert discovery regarding: (1) the reasonableness of defense fees and costs incurred in the underlying *BCS* Lawsuit, (2) whether USAA's conduct has been consistent with its duty of good faith and fair dealing owed to Mr. Whiteley, and (3) the reasonableness of Mr. Whiteley's legal

fees and costs incurred in pursuit of coverage under the Policies. Provisionally, and subject to the timing of resolution of the underlying *BCS* Lawsuit, Mr. Whiteley submits that fact discovery should be completed by November 11, 2024, and should not be conducted in phases.

Mr. Whiteley does not currently anticipate any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

Mr. Whiteley does not currently anticipate any unusual issues about claims of privilege or of protection as trial-preparation materials.

Except as outlined above, Mr. Whiteley does not currently anticipate any need for changes to be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure, the Local Rules, or any other limitations.

Mr. Whiteley further refers the Court to Exhibit 1.

**_Defendant's Statement:_**

USAA CIC does not anticipate any need for changes to the timing, form, or requirement for disclosures under Rule 26(a). USAA CIC also does not currently anticipate any need for changes to be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure, the Local Rules, or any other limitations. The parties will make initial disclosures on April 3, 2024.

USAA CIC will be issuing an initial set of written discovery to Mr. Whiteley consisting of interrogatories and requests for production, which will in part depend on how robust Mr. Whiteley's initial disclosures are. USAA CIC then anticipates taking the deposition of Mr. Whiteley and then filing a Rule 56 motion.

USAA CIC does not believe that any stay of the case or discovery at this juncture is appropriate, although its counsel will confer with Mr. Whiteley's counsel in that regard when and if Mr. Whiteley's counsel intends to move forward with requesting the same. From USAA CIC's perspective, unless the Court finds a duty to defend—which it should not—the status of the *BCS* Lawsuit is irrelevant and

should not impact any discovery or other matters in this case.

USAA CIC anticipates that expert discovery will include insurance claims handling and attorneys' fees experts.

USAA CIC does not anticipate any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.  Nor does USAA CIC anticipate any unusual issues about claims of privilege or of protection as trial-preparation materials.

However, to the extent that Mr. Whiteley requests discovery on any proprietary, confidential, and non-public claims handling materials (such as USAA CIC's internal claims handling procedures), USAA CIC will request that the Court enter a protective order to protect the proprietary nature of these materials.

Otherwise, USAA CIC refers the Court to Exhibit 1.

j.    **Discovery Cut-Off:**

*Plaintiff's Statement:*

Provisionally, and subject to the timing of resolution of the underlying *BCS* Lawsuit, Mr. Whiteley anticipates that fact discovery can be completed in this case by November 11, 2024.  Mr. Whiteley further anticipates that expert discovery can be completed in this case by January 20, 2025.

Mr. Whiteley further refers the Court to Exhibit 1.

*Defendant's Statement:*

USAA CIC agrees with the deadlines proposed by Mr. Whiteley above, except that it does not believe these deadlines should be dependent on the posture of the *BCS* Lawsuit.

USAA CIC further refers the Court to Exhibit 1.

k.    **Expert Discovery:**

*Plaintiff's Statement:*

Provisionally, and subject to the timing of resolution of the underlying *BCS* Lawsuit, Mr. Whiteley proposes that December 2, 2024 be the deadline for initial

expert witness disclosures, with December 23, 2024 as the deadline for rebuttal expert witness disclosures, and January 20, 2025 as the expert discovery cut-off date.

Mr. Whiteley further refers the Court to Exhibit 1.

*Defendant's Statement:*

USAA CIC agrees with the deadlines proposed by Mr. Whiteley above, except that it does not believe these deadlines should be dependent on the posture of the *BCS* Lawsuit.

USAA CIC further refers the Court to Exhibit 1.

l.   **Dispositive motions:**

*Plaintiff's Statement:*

Mr. Whiteley believes that the issue of whether USAA has a duty to defend him against the *BCS* Lawsuit under one or both of the Policies can and should be resolved by judgment on the pleadings.

*Defendant's Statement:*

As discussed above, USAA CIC believes that a Rule 56 motion is more appropriate for this matter.

m.   **Settlement /Alternative Dispute Resolution ("ADR"):**

To date, no settlement discussions have taken place.  The parties propose March 24, 2025 as the deadline to complete an ADR Proceeding.  The parties further state that they wish to pursue ADR Procedure No. 3 and participate in a private dispute resolution proceeding.

n.   **Trial Estimate:**

*Plaintiff's Statement:*

Mr. Whiteley anticipates that trial in this matter can be completed within three days.

*Defendant's Statement:*

USAA CIC anticipates that trial in this matter can be completed within four to

five court days.

 **o.** **Lead Trial Counsel:**

Mr. Whiteley anticipates that lead trial counsel will be Shaun H. Crosner.

USAA anticipates that lead trial counsel will be Joshua N. Kastan.

 **p.** **Independent Expert or Master:**

The parties do not anticipate the need for an independent expert or master at this time.

 **q.** **Timetable:**

Attached as Exhibit 1 to this Joint Report is the parties' completed Schedule of Pretrial and Trial Dates Worksheet.

 **r.** **Magistrate Judge:**

The parties do not agree to try this case before a magistrate judge.

 **s.** **Class Actions:**

Not applicable.

 **t.** **Other Issues:**

Other than the possible need for a stay pursuant to *Montrose* and its progeny, the parties do not presently believe there are any other issues affecting the status or management of the case.

DATED: April 3, 2024  PASICH LLP

         By: */s/ Tae E. Andrews*
          Shaun H. Crosner
          Tae E. Andrews

         Attorneys for Plaintiff

DATED: April 3, 2024  DKM LAW GROUP, LLP

         By: */s/ Joshua N. Kastan*
          Joshua N. Kastan
          Jessica J. Ross

         Attorneys for Defendant

## ATTESTATION

Pursuant to L.R. 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing. I further attest that I have on file documentation of his authorization.

DATED: April 3, 2024                    PASICH LLP

By: */s/ Tae E. Andrews*
Shaun H. Crosner
Tae E. Andrews

Attorneys for Plaintiff

# SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

# EXHIBIT 1

<u>SCHEDULE OF PRETRIAL AND TRIAL DATES</u>

CASE NAME: Jeremy R. Whiteley v. USAA Casualty Insurance Co.

CASE NO: 2:24−cv−00138−DSF−MAA

| Matter | Time | Weeks before trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|---|
| Trial (jury)(court) (length: 3 days) **(Tuesday)** | 8:30 am | n/a | June 17, 2025 | | |
| Pretrial Conference, LR 16; Hearing on Motions in Limine **(Monday)** | 3:00 pm | 4 | May 19, 2025 | | |
| Trial Documents (Set Two) **All Trials:** Lodge Pretrial Conference Order, LR 16-7; File Oppositions to Motions in Limine **Jury Trial Only:** File Agreed Set of Jury Instructions and Verdict Forms; Statement Regarding Disputed Instructions and Verdict forms | | 6 | May 5, 2025 | | |
| Trial Documents (Set One) **All Trials:** File Memo of Contentions of Fact and Law, LR 16-4; Exhibit & Witness Lists, LR 16-5, 6; Status Report Regarding Settlement; Motions in Limine (no more than five motions per side may be filed without Court permission) **Court Trial Only:** Lodge Findings of Fact and Conclusions | | 7 | April 28, 2025 | | |

| | | | | | |
|---|---|---|---|---|---|
| of Law; LR 52; File Summaries of Direct Testimony (optional) | | | | | |
| Last day to conduct ADR Proceeding, LR 16-15 | | 12 | March 24, 2025 | | |
| Last day to **hear** motions (except motion to amend pleadings or add parties and motions in limine), LR 7 **(Monday)** | | 14 | March 10, 2025 | | |
| Non-expert Discovery Cut-off | | 21+ | November 11, 2024 | | |
| Expert Disclosure (initial) | | | December 2, 2024 | | |
| Expert Disclosure (rebuttal) | | | December 23, 2024 | | |
| Expert Discovery Cut-off | | 21+ | January 20, 2025 | | |
| Last day to **hear** motion to amend pleadings or add parties **(Monday)** | | 32+ | May 13, 2024 | | |

LR 16-15 ADR Choice:  ☐ 1. USMJ            ☑ 3. Outside ADR
                      ☐ 2.    Attorney Settlement Panel