Member Name: JEREMY R WHITELEY
Member Number: 00777 83 75 70U
Loss Report Number: 30
Date of Loss: 03/28/2022
Company: USAA CASUALTY INSURANCE COMPANY

## Texas Unsworn Declaration

My name is <u>Mary Ann Rice,</u> my date of birth is <u>March 18, 1960</u>, and my work address is 9800 Fredericksburg Road, San Antonio, Texas 78288, and United States of America.

I declare under penalty of perjury that the foregoing and attached (policy) is a true and correct copy.

E-SIGNED by Mary Ann Rice
on 2022-05-05 21:37:08 GMT
_____
Signature

Executed in Bexar County, State of Texas, on ___<u>May 05, 2022</u>_____.
                                                                                                 (Date)



CIC 00777 83 75 70U
1063X
DM-03037

# UMBRELLA POLICY PACKET

Effective: 01/16/2022 to 05/13/2022
CIC 00777 83 75 70U

## Important Messages

Refer to your Declarations Page and endorsements to verify that coverage, limits and other policy details are correct and meet your insurance needs. Required information forms are also enclosed for your review.

This is not a bill. Any premium charge or return for this policy will be reflected on your next regular monthly statement. To receive this document and others electronically or to view your policy summary online, go to usaa.com. You may also contact us at 210-531-USAA (8722), our mobile shortcut #8722 or 800-531-USAA (8722).

PU-CS (07-09)

89855-0709
Page 1 of 1

WHITELEY_UMB_CP_002

0901119cb15442d9

USAA Confidential



CIC 00777 83 75 70U
DM-03037



USAA CASUALTY INSURANCE COMPANY
(A Stock Insurance Company)
9800 Fredericksburg Road, San Antonio, Texas 78288

**PERSONAL UMBRELLA POLICY DECLARATIONS -** Amended

Policy Number: CIC 00777 83 75 70U

Effective: From 01/16/2022 to 05/13/2022
(12:01 A.M. standard time at Umbrella Base Location)

Named Insured and Mailing Address:
JEREMY R WHITELEY
6721 E MCDOWELL RD UNIT 322C
SCOTTSDALE AZ 85257-3105

Umbrella Base Location:
6721 E Mcdowell Rd
Scottsdale, Maricopa, AZ 85257

|  | Limit (per occurrence) | Premium |
|---|---|---|
| Umbrella Liability | $3,000,000 | $557.56 |
|  | **Total** | **$557.56** |

PREMIUM DUE AT INCEPTION

### SCHEDULE OF UNDERLYING INSURANCE

| TYPE OF INSURANCE | REQUIRED MINIMUM LIMITS | | | |
|---|---|---|---|---|
|  | Bodily Injury | Property Damage | OR | Combined Single Limit |
| Private Passenger Vehicle Liability | $300,000/$500,000 | $100,000 | OR | $500,000 |
| Miscellaneous Vehicle Liability | $250,000/$500,000 | $100,000 | OR | $500,000 |
| Personal Liability |  |  |  | $300,000 |
| Watercraft/Pers Watercraft Liability |  |  |  | $300,000 |

USAA requires you to maintain NO LESS THAN the above REQUIRED MINIMUM LIMITS. See the Required Minimum Insurance Condition in your policy.

**Please verify your actual limits and exposures on the attached Supplemental Declarations.**

REVISED ANNUAL PREMIUM $557.56.  ANNUAL INCREASE $154.88.

ADJUSTMENT REASON(S):

Increase in Umbrella Liability Limit

ENDORSEMENTS:

  Added: NONE

  Remain in Effect (Refer to Previous Policy) -  PU-100AZ (07-09), PU-2009 (07-09), PU-2011 (04-11)

In WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas, on this date 01/17/2022.

Karen Morris, Secretary

James Syring, President

PU2009D (05-13)

89853-0513
Page 1 of 1



CIC 00777 83 75 70U

# PERSONAL UMBRELLA POLICY
## Supplemental Declarations

**Effective:**
From **01/16/2022** to **05/13/2022**
(12:01 a.m. standard time at Umbrella Base Location)

Your Umbrella premium is based in part on the following. The limits shown below represent the lowest policy limits carried.

Please contact us if any changes are needed.

## DESCRIPTION OF KNOWN EXPOSURES

**Motor Vehicles (Includes Private Passenger and Miscellaneous Vehicles):**
  **Lowest Coverage Limit(s):** $1,000,000/$1,000,000/$300,000

1995 MERCEDES E CLS SW 320
2003 MERCEDES G CLS 500

**Properties/Residences:**
  **Lowest Coverage Limit:** $1,000,000

6721 E Mcdowell Rd Unit 322c, Scottsdale, Maricopa, AZ 85257

Page 1 of 1

36                                                                    WHITELEY_UMB_CP_004

0901119cb15442d9                    USAA Confidential

WHITELEY_UMB_CP_005

USAA Confidential

0901119cb15442d9

USAA 123 34 5634 70U

# ARIZONA SPECIAL PROVISIONS

This Endorsement forms a part of the Umbrella policy to which it is attached, and the provisions of the Umbrella policy and any Endorsements apply to this coverage unless modified by this Endorsement.

## CONDITIONS

Condition J., <u>Termination</u>, is replaced in its entirety by the following:

J. <u>Termination</u>.

1. <u>Cancellation</u>.

   a. **You** may cancel this policy at any time. However, the effective date of the cancellation cannot be earlier than the date of your request unless **we** agree to an earlier date.

   b. **We** may cancel this policy by sending notice to the named insured by regular mail to the most recent address **you** provided to **us.** Notice will be sent:

   (1) At least 10 days before the effective date of cancellation if cancellation is for nonpayment of premium.

   (2) At least 30 days before the effective date of cancellation in all other cases.

   c. If this policy has been in effect for 60 days or more, or if it is a renewal with **us**, **we** may cancel this policy only if one or more of the following happened after the effective date of this policy:

   (1) Nonpayment of premium.

   (2) Conviction of the **insured** of a crime arising out of acts increasing the hazard insured against.

   (3) Acts or omissions by the **insured** or his representative constituting fraud or material misrepresentation in obtaining this policy, continuing this policy, or in presenting a claim under this policy.

   (4) Discovery of grossly negligent acts or omissions by the insured substantially increasing any of the hazards insured against.

   (5) Substantial change in the risk assumed by **us**, since the policy was issued, except to the extent that **we** should reasonably have forseen the change or contemplated the risk in writing the contract.

   (6) A determination by the Director of Insurance that the continuation of this policy would place **us** in violation of the insurance laws of this state.

   (7) Failure of the **insured** to take reasonable steps to eliminate or reduce any conditions in or on an insured premises which contributed to a loss in the past or will increase the probability of future losses.

2. <u>Nonrenewal</u>.

   a. If **we** decide not to renew this policy, **we** will send notice to the named insured by regular mail to the most recent address **you** provided to **us.** Notice will be sent at least 30 days before the expiration date of the policy.

   b. In the event of nonrenewal based on condition of the premises, the insured shall be given 30 days notice to remedy the identified conditions. In the event that the identified conditions are not satisfactorily remedied, the insured shall be given an additional 30 days, upon payment of premium, to cure the defective condition.

PU-100AZ (07-09)

89508-0709
Page 1 of 2

WHITELEY_UMB_CP_006

0901119cb15442d9   USAA Confidential

3. Other Termination Provisions.

   a. Any **insured** who believes:

      (1) Cancellation or nonrenewal of this policy is arbitrary or capricious; or

      (2) Notice of nonrenewal or cancellation was not given as required by A.R.S. 20-1632 ;

   may, within ten days after receipt of notice, file in writing an objection to the action with the Director of insurance, in accordance with A.R.S. 20-1633.

   b. Proof of mailing of any notice will be sufficient proof of notice.

   c. If this policy is cancelled, the named insured may be entitled to a premium refund. The premium refund, if any, will be computed according to **our** manuals. However, making or offering to make the refund is not a condition of cancellation.

   d. The effective date of cancellation stated in the notice will become the end of the policy period.

Copyright. USAA. 2009. All rights reserved.
Includes copyrighted material of Insurance Services Office. Inc., with its permission.

CIC 1234 56 78 70U



USAA
9800 Fredericksburg Road
San Antonio, Texas 78288

**PERSONAL UMBRELLA POLICY**

**READ YOUR POLICY, DECLARATIONS AND ENDORSEMENTS CAREFULLY**

This policy is a legal contract between the named insured and the company shown on the Declarations. And like other contracts, it contains certain duties and responsibilities of both parties to the contract. This contract consists of this policy plus the Declarations page and any applicable endorsements. The Quick Reference section outlines essential information contained on the Declarations and the major parts of the policy.

This is a participating policy. You are entitled to dividends as may be declared by the company's Board of Directors.

If this policy is issued by United Services Automobile Association ("USAA"), a reciprocal interinsurance exchange, the following apply:

- By purchasing this policy you are a member of USAA and are subject to its bylaws.

- This is a non-assessable policy. You are liable only for the amount of your premium as USAA has a free surplus in compliance with Article 19.03 of the Texas Insurance Code of 1951, as amended.

- The USAA Board of Directors may annually allocate a portion of USAA's surplus to Subscriber's Accounts. Amounts allocated to such accounts remain a part of USAA's surplus and may be used as necessary to support the operations of the Association. A member shall have no right to any balance in the member's account except until following termination of membership, as provided in the bylaws.

**QUICK REFERENCE**

|  |  | **DECLARATIONS PAGE** |
|---|---|---|
|  |  | Named Insured and Address |
|  |  | Policy Period |
|  |  | Policy Limits and Premiums |
|  |  | Schedule of Underlying Insurance |
|  |  | Endorsements |
| Beginning on Page | 2 | **Agreement and Definitions** |
|  | 4 | **Liability Coverages** |
|  |  | Insuring Agreement |
|  |  |    Damages |
|  |  |    Defense |
|  |  | Limit of Liability |
|  |  |    Damages |
|  |  |    Defense |
|  | 5 | **Exclusions** |
|  | 8 | **Conditions** |
|  |  | Bankruptcy |
|  |  | Concealment, Misrepresentation or Fraud |
|  |  | Duties After An Occurrence or Offense |
|  |  | Other Insurance |
|  |  | Our Right to Recover Payment |
|  |  | Ownership |
|  |  | Required Underlying Limits |
|  |  | Spouse Access |
|  |  | Suit Against Us |
|  |  | Termination |
|  |  |    Cancellation |
|  |  |    Nonrenewal |
|  |  |    Other Termination Provisions |
|  |  | Transfer of Your Interest in This Policy |
|  |  | Waiver or Change of Policy Provisions |

CIC 1234 56 78 70U

## AGREEMENT

In return for payment of premium and subject to all terms of this policy, we will provide the insurance described.

However, this policy provides no uninsured motorists coverage, underinsured motorists coverage, auto no-fault coverage or medical payments coverage.

## DEFINITIONS

The words defined below are used throughout this policy. They are in **boldface** when used.

A. "**You**" and "**your**" refer to the "named insured" shown on the Declarations and spouse if a resident of the same household.

B. "**We**," "**us**" and "**our**" refer to the Company providing this insurance.

C. "**Aircraft**" means any conveyance used or designed for flight, except model or hobby aircraft not used or designed to carry people or cargo.

D. "**Bodily injury**."

   1. "**Bodily injury**" means bodily harm, sickness, disease or death.

   2. "**Bodily injury**" does not include mental injury such as emotional distress, mental anguish, humiliation, mental distress, or any similar injury unless it arises out of physical injury to some person.

E. "**Business**" means any full or part-time activity arising out of or related to any trade, profession or occupation of any **insured**.

F. "**Business property**" means any property on which a **business** is conducted.

G. "**Driving contest or challenge**" includes, but is not limited to:

   1. A competition against other people, vehicles, or time; or

   2. An activity that challenges the speed or handling characteristics of a vehicle or improves or demonstrates driving skills, provided the activity occurs on a track or course that is closed from non-participants.

H. "**Family member**" means a person related to **you** by blood, marriage, or adoption who is a resident of **your** household. This includes a ward or foster child who is a resident of **your** household.

I. "**Fungus**" or "**fungi**" means any microorganism or byproduct of any microorganism, including but not limited to mold, mildew, fungi, mycotoxins and spores.

J. "**Hovercraft**" means a self-propelled motorized ground effect vehicle and includes, but is not limited to, flarecraft and air cushion vehicles.

K. "**Insured**."

   1. "**Insured**" means:

      a. **You** and any **family member**;

      b. Other residents of **your** household under the age of 21 and in the care of **you** or any **family member**;

      c. Any person or organization legally responsible for animals, **watercraft** or **personal watercraft**:

         (1) To which this policy applies; and

         (2) Which are owned by any person in K.1.a. or K.1.b. above.

      d. Any person using a **motor vehicle**, **watercraft** or **personal watercraft** to which this policy applies, provided that such use is with the consent of any **insured**.

   2. However, "**insured**" does not include:

    a. The owner of a **motor vehicle**, **watercraft** or **personal watercraft** loaned or rented to any **insured**. "Owner" in this paragraph includes the owner's agents or employees.

    b. Any **motor vehicle** sales agencies, repair shops, service stations, storage garages or public parking lots, their owners, agents or employees.

    c. Any shipyards, **watercraft** repair yards, marinas, yacht clubs, **watercraft** sales agencies, **watercraft** service stations and the like, their owners, agents or employees.

    d. The lessee of a **motor vehicle**, **watercraft** or **personal watercraft** owned by any **insured**.

    e. A person or organization using or having custody of animals, **watercraft** or **personal watercraft**, to which this policy applies, in the course of any **business** or without the consent of any **insured**.

L. "**Miscellaneous vehicle**" means the following motorized vehicles: all terrain vehicles; antique vehicles; classic vehicles; dune buggies; golf carts; motorcycles; motor homes; and snowmobiles.

M. "**Motor vehicle**" means any type of motorized land vehicle or conveyance, whether or not subject to motor vehicle registration. **Motor vehicle** includes:

    1. Private passenger vehicles, other than antique vehicles and classic vehicles; and

    2. **Miscellaneous vehicles**.

N. "**Occurrence**" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in **bodily injury** or **property damage**.

O. "**Personal injury**" means injury arising out of one or more of the offenses listed below, but only if the **insured's** act occurred during the policy period. A series of similar or related acts by an **insured**, multiple publications of the same statement, and continuous or repeated injury from the same act or publication, will be considered a single offense and injury during the single policy period in which the first act or publication occurred.

    1. Oral, written or electronic publication of a false statement that defames a person's or organization's character or reputation.

    2. Oral, written or electronic publication of material that violates a person's right of privacy by publicly disclosing private facts.

    3. Malicious prosecution.

    4. False arrest, false imprisonment, wrongful detention.

    5. When committed by or on behalf of the owner, landlord or lessor of a room, dwelling or premises that a person occupies:

        a. Wrongful eviction;

        b. Wrongful entry; or

        c. Invasion of the right of private occupancy.

    6. Assault and battery if committed by any **insured**, or at his direction, to protect persons or property. This applies only when the conduct is not criminal.

P. "**Personal watercraft**" means a conveyance, used or designed to be used on water that uses a jet pump powered by an internal combustion engine as the primary source of propulsion.

Q. "**Professional services**" means any type of service to the public that requires the person rendering the service to obtain:

    1. An advanced degree; or

    2. A license; or

3. Other legal authorization to provide the service.

R. "**Property damage**."

1. "**Property damage**" means physical damage to or destruction of tangible property including loss of use of this property.

2. For purposes of this policy, electronic data is not tangible property. Electronic data means information, facts or programs:

   a. Stored as or on;

   b. Created or used on; or

   c. Transmitted to or from;

   computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

S. "**Retained limit**" means the required minimum limit of liability for the applicable personal lines insurance coverage shown in the Schedule of Underlying Insurance on the Declarations. Where **underlying insurance** is payable for any one **occurrence** to which this policy also applies, the amount of the **retained limit** will be either:

1. The split Bodily Injury/Property Damage limit shown in the Schedule, if **underlying insurance** has split limits; or

2. The Combined Single Limit shown in the Schedule, if **underlying insurance** has a combined single limit.

Where **underlying insurance** is not payable for any one **occurrence** to which this policy applies, the amount of the **retained limit** will be the split Bodily Injury/Property Damage limit shown in the Schedule.

T. "**Underlying insurance**" means the types of personal lines insurance coverages for which limits are shown in the Schedule of Underlying Insurance on the Declarations.

U. "**Watercraft**" means a conveyance principally designed to be propelled on or in water by wind, current, paddles, oars, engine power or electric motor.

---

## LIABILITY COVERAGES

INSURING AGREEMENT

A. <u>Damages.</u>

1. **We** will pay for damages, in excess of the **retained limit**, that an **insured** becomes legally obligated to pay because of **bodily injury** or **property damage** resulting from an **occurrence**.

2. **We** will pay for damages that an **insured** becomes legally obligated to pay because of **personal injury**.

B. <u>Defense.</u>

1. If a claim is made or a suit is brought against any **insured** for **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, or for **personal injury** to which this policy applies, **we** will provide a defense at **our** expense by counsel of **our** choice, even if the suit is groundless, false or fraudulent.

   However, **we** will not provide a defense:

   a. To any **insured** for criminal prosecution or proceedings; or

   b. If the **occurrence** or offense is covered by **underlying insurance** or any other liability insurance available to any **insured.**

2. **We** may investigate and settle any claim or suit that **we** decide is appropriate. **Our** duty to defend ends when the amount **we** pay to settle any claim, or in full or partial satisfaction of any judgment for damages resulting from the **occurrence** or offense, equals the Umbrella Liability Limit shown on the Declarations.

3. **We** have the right, but not the duty, to join with any **insured** or with the insurer providing **underlying insurance** in the investigation, defense or settlement of any claim or suit, or in any alternative dispute resolution process, which may require **us** to pay.

4. **We** may appeal a judgment in excess of the **retained limit** even if either the **insured** or the insurer providing the **underlying insurance** chooses not to appeal. If **we** do appeal, **we** will pay all related expenses.

LIMIT OF LIABILITY

A. <u>Damages</u>.

1. **Our** maximum limit of liability under this policy for all damages resulting from any one **occurrence,** or any one offense listed as **personal injury**, is the Umbrella Liability Limit shown on the Declarations.

2. This Umbrella Liability Limit is the most **we** will pay regardless of the number of suits or size of awards made, and regardless of the number of **insureds**, claims made or persons injured.

B. <u>Defense.</u>  Defense costs are in addition to the Umbrella Liability Limit shown on the Declarations and include the following:

1. Premiums on appeal bonds and bonds to release attachments in any suit **we** defend.  But **we** will not pay the premium for bonds with a face value over the Umbrella Liability Limit shown on the Declarations.  **We** have the right, but not the duty, to either apply for or furnish any bond.

2. Expenses incurred by **us** or at **our** request on behalf of any **insured**, including court costs. **We** will pay interest on any part of a judgment covered by this policy.

3. Prejudgment interest awarded against any **insured** on that part of the judgment that is covered by this policy. If **we** make an offer to pay the applicable limit of liability available under this policy, **we** will not pay any prejudgment interest incurred or accrued after the offer is made.

4. Reasonable expenses incurred by any **insured** at **our** request, including actual loss of earnings (but not loss of other income) up to $250 per day for assisting **us** in the investigation or defense of a claim or suit.

## EXCLUSIONS

A. This insurance does not apply to:

1. Any loss assessments charged against any **insured** as a member of an association, corporation or community of property owners.

2. A nuclear energy **occurrence** that is covered by a nuclear energy liability policy, or would have been covered if the available liability insurance had not been used up.

3. Punitive or exemplary damages, fines or penalties.

B. This insurance does not apply to **bodily injury** to any person eligible to receive any benefits, whether voluntarily provided or required to be provided, by any **insured** under any:

1. Workers' Compensation law;
2. Non-occupational Disability law; or
3. Occupational Disease law.

C. This insurance does not apply to **property damage** to:

1. Property owned by any **insured**.
2. Any **aircraft** owned, hired, rented or used by, or in the care, custody or control of, any **insured**.
3. Property owned by others when any **insured** has physical control of such property, or has agreed to be responsible for or insure such property.

Paragraph 3. of this exclusion (C.) does not apply to the extent that liability coverage is provided by **underlying insurance** and is not excluded elsewhere in this policy.

D. This insurance does not apply to **personal injury** which results from a false statement if done by or at the direction of any **insured** with knowledge that the statement was false, or made with reckless disregard for the truth.

E. This insurance does not apply to **bodily injury** or **property damage**:

1. Caused by the intentional or purposeful acts of any **insured** that would be expected by any reasonable person to result in **bodily injury** or **property damage**. This applies even if the resulting **bodily injury** or **property damage**:

    a. Is of a different kind, quality or degree than initially expected or intended; or
    b. Is sustained by a different person, entity, real property or personal property than initially expected or intended.

This exclusion (E.1.) does not apply to **bodily injury** or **property damage** resulting from the use of lawful reasonable force by any **insured** to protect persons or property.

2. Arising directly or indirectly, in whole or in part, out of the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of or presence of any **fungus**, wet or dry rot, or bacteria.

    This exclusion (E.2.) does not apply to any **fungi** or bacteria that are, are on, or are contained in, a good or product intended for consumption.

3. Arising out of the use of any **motor vehicle** while that **motor vehicle** is being operated in, or in practice for, any **driving contest** or **challenge**.

F. This insurance does not apply to **bodily injury** or **personal injury**:

1. Sustained by any **insured**.
2. Arising out of illegal discrimination or violation of civil rights.
3. Arising out of any actual, alleged or threatened:

    a. Sexual misconduct;
    b. Sexual harassment;
    c. Sexual molestation; or
    d. Physical or mental abuse.

4. Arising out of the transmission of any communicable disease by any **insured**.

G. This insurance does not apply to **bodily injury, property damage** or **personal injury**:

1. Arising out of property any **insured** sells, gives away or abandons.

    This exclusion (G.1.) does not apply to the extent that liability coverage is provided by **underlying insurance** and is not excluded elsewhere in this policy.

2. Arising out of:

a. The ownership, maintenance, use, loading or unloading of; or

b. The entrustment by any **insured** of; or

c. Vicarious liability, whether or not statutorily imposed, for the actions of anyone using;

a **motor vehicle, personal watercraft** or **watercraft**.

This exclusion (G.2.) does not apply to the extent that liability coverage is provided by **underlying insurance** and is not excluded elsewhere in this policy.

3. Arising out of:

   a. The ownership, maintenance, use, loading or unloading of; or

   b. The entrustment of any **insured** of; or

   c. Vicarious liability, whether or not statutorily imposed, for the actions of anyone using;

   an **aircraft** or **hovercraft**.

4. Arising out of the rental or holding for rental of any part of any premises, including any real property or real estate, by any **insured**.

   This exclusion (G.4.) does not apply to the extent that liability coverage is provided by **underlying insurance** and is not excluded elsewhere in this policy.

5. Arising out of any **business** or **business property** of any **insured**.

   This exclusion (G.5.) does not apply to the extent that liability coverage is provided by **underlying insurance** and is not excluded elsewhere in this policy.

6. Arising out of the rendering of or failure to render **professional services**.

7. Arising out of a criminal act or omission by, or with either the knowledge or consent of, any **insured**.

8. Arising directly or indirectly out of, or conduct resulting in: war including undeclared war; civil war; insurrection; rebellion; revolution; warlike act by a military force or military personnel; or destruction or seizure or use for a military purpose. Discharge of a nuclear weapon will be deemed a warlike act even if accidental.

9. Arising out of any **insured's** activities as an officer or member of a board of directors of any organization.

   This exclusion (G.9.) does not apply to non-profit religious, charitable or civic organizations when:

   a. The activity is not connected with any **insured's business**; and

   b. The **insured** is not compensated for the activity other than reimbursement of out-of-pocket expenses.

10. Arising out of any contract or agreement.

    This exclusion (G.10) does not apply to the extent that liability coverage is provided by **underlying insurance** and is not excluded elsewhere in this policy.

11. Arising out of the actual, alleged or threatened discharge, dispersal, release, escape, seepage or migration of pollutants however caused and whenever occurring. This includes any loss, cost or expense arising out of any:

    a. Request, demand or order that any **insured** or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants.

b.  Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants, as used in this exclusion (G.11.) means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals, and waste. Waste includes materials which are to be recycled, reconditioned or reclaimed.

12  Arising out of exposure to lead paint or other lead-based products.

13  Arising out of exposure to asbestos.

14  Arising out of the use, sale, manufacture, delivery, transfer or possession by any person of a controlled substance(s). Controlled substances include but are not limited to cocaine, LSD, marijuana and all narcotic drugs.

This exclusion (G.14.) does not apply to the extent that liability coverage is provided by **underlying insurance** and is not excluded elsewhere in this policy.

## CONDITIONS

A.  <u>Bankruptcy.</u> Bankruptcy or insolvency of any **insured** will not relieve **us** of **our** obligations under this policy.

B.  <u>Concealment, Misrepresentation or Fraud.</u>

 1.  If **you** or any other **insured**, whether before or after an **occurrence** or offense to which this policy applies, has done any of the following related to the issuance of this policy or in the presentation of a claim, **we** may deny coverage as to the interest of all **insureds**:

 a.  Intentionally concealed or misrepresented any material fact or circumstance.

 b.  Engaged in fraudulent conduct.

 c.  Made false statements which if known by **us** would have caused **us** not to:

 (1) Issue the policy;

 (2) Issue the policy in as large an amount;

 (3) Provide coverage for the hazard resulting in the loss; or

 (4) Issue the policy for the same amount of premium or at the same rate.

 2.  **We** reserve all rights to seek recovery from any person committing concealment, misrepresentation or fraud for all payments made and costs incurred.

C.  <u>Duties After an **Occurrence** or Offense.</u> **We** will not be required to provide coverage under this policy unless there has been full compliance with these duties. In case of an **occurrence** or offense, **you** or **your** representative will perform the following duties that apply:

 1.  Give written notice to **us** or **our** agent as soon as is practical, which sets forth:

 a.  The identity of the named insured shown on the Declarations;

 b.  Reasonably available information about the time, place and circumstances of the **occurrence** or offense; and

 c.  Names and addresses of any claimants and witnesses.

0901119cb15442d9                                       USAA Confidential

2. Cooperate with **us** in the investigation, settlement or defense of any claim or suit.

3. Promptly forward to **us** every notice, demand, summons or other process relating to the **occurrence** or offense.

4. At **our** request, help **us**:

   a. Make settlement;

   b. Enforce any right of contribution or indemnity against any person or organization who may be liable to any **insured**;

   c. With the conduct of suits and attend hearings and trials; and

   d. Secure and give evidence and obtain the attendance of witnesses.

5. For **property damage** losses, if **we** request, submit to **us** within 60 days after notice of loss a statement of loss and show the damaged property if in the control of any **insured**.

6. No **insured** will, except at the **insured's** own cost, voluntarily make payment, assume obligation or incur expense other than for first aid to others at the time of the **bodily injury**.

D. Other Insurance. The coverage afforded by this policy is excess over any other insurance available to an **insured**, except insurance written specifically to be excess over this policy.

E. **Our** Right to Recover Payment.

1. If **we** make a payment under this policy, **we** are entitled, but not required, to exercise the **insured's** rights of recovery against any person or other entity liable for the **occurrence** or offense.

2. **We** can join with any **insured** and any insurer providing **underlying insurance** in the exercise of these rights.

3. The **insured** must do whatever is necessary to enable **us** to exercise these rights, and shall do nothing after an **occurrence** or offense to prejudice or defeat them.

F. Ownership. For purposes of this policy, a vehicle is deemed to be owned by a person if leased under a written agreement to that person for a continuous period of at least six months.

G. Required **Underlying Insurance**.

1. If **underlying insurance** for **bodily injury** or **property damage** has terminated, is uncollectible, or has a limit less than the **retained limit**, this will not void coverage. However, **we** will pay for **bodily injury** or **property damage** only as though the **underlying insurance** was collectible and in force in the amount of the **retained limit.**

2. **We** will not pay the difference between the **retained limit** and any lower limit actually in effect.

H. Spouse Access.

1. The named insured and **we** agree that the named insured and resident spouse are "customers" for purposes of state and federal privacy laws. The resident spouse will have access to the same information available to the named insured and may initiate the same transactions as the named insured.

2. The named insured may notify **us** that he/she no longer agrees that the resident spouse shall be treated as a "customer" for purposes of state and federal privacy laws, and **we** will not permit the resident spouse to access policy information.

I. Suit Against **Us**.

1. No action can be brought against **us**:

   a. Unless there has been full compliance with the policy provisions; and

   b. Until the obligation of the **insured** has been determined by final judgment or by agreement signed by **us**.

2. No person or organization has any right under this policy to join **us** as a party to any legal action against any **insured**.

J. <u>Termination.</u>

1. <u>Cancellation.</u>

   a. **You** may cancel this policy at any time. However, the effective date of the cancellation cannot be earlier than the date of **your** request unless **we** agree to an earlier date.

   b. **We** may cancel this policy by sending an electronic notice, where allowed by law, to the named insured shown on the Declarations, or at **our** sole option, **we** may cancel by sending notice to the named insured by regular mail to the most recent address **you** provided to **us**. In either event, notice will be sent:

      (1) At least 10 days before the effective date of cancellation if cancellation is for nonpayment of premium; or

      (2) At least 30 days before the effective date of cancellation in all other cases.

2. <u>Nonrenewal.</u> If **we** decide not to renew this policy, **we** will send electronic notice, where allowed by law, to the named insured shown on the Declarations, or, at **our** sole option, **we** may send the named insured notice by regular mail to the most recent address **you** provided to **us**. In either event, notice will be sent at least 30 days before the end of the policy period.

3. <u>Other Termination Provisions.</u>

   a. Proof of mailing or electronic transmission of any notice will be sufficient proof of notice.

   b. If this policy is cancelled, the named insured may be entitled to a premium refund. The premium refund, if any, will be computed according to **our** manuals. However, making or offering to make the refund is not a condition of cancellation.

   c. The effective date of cancellation stated in the notice will become the end of the policy period.

K. <u>Transfer of **Your** Interest in This Policy.</u>

**Your** rights and duties under this policy may not be assigned without **our** written consent. However, if the named insured shown on the Declarations dies, **we** will provide coverage until the end of the policy period for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown on the Declarations;

2. Any **family member** who is an **insured** at the time of **your** death, but only while a resident of **your** household; and

3. The legal representative of the deceased named insured, but only with respect to **occurrences** covered by this policy and for which the deceased named insured would have been liable.

L. <u>Waiver or Change of Policy Provisions.</u> This policy contains all the agreements between **you** and **us**. Its provisions may not be changed or waived except by endorsement issued by **us**. If a change requires a premium adjustment, **we** will adjust the premium as of the effective date of the change.

Copyright. USAA. 2009. All rights reserved
Includes copyrighted material of Insurance Services Office Inc., with its permission.

## CHANGES ENDORSEMENT

This Endorsement forms a part of the Umbrella policy to which it is attached. It is subject to all the provisions of the policy and amendments except as they are modified in this Endorsement.

The Conditions section is amended to add the following:

**CHANGES**

A.  The premium is based on information **we** have received from **you** and other sources. **You** agree to cooperate with **us** in determining if this information is correct and complete. **You** agree that if this information changes, or is incorrect or incomplete, **we** may adjust **your** premiums accordingly during the policy period.

B.  If, during the policy period, the risk exposure changes for any of the following reasons, **we** will make the necessary premium adjustments effective the date of change in exposure. **We** will send a modified Declarations page showing the change in exposure and premium adjustment. Change in exposure means the occurrence of an event listed in B.1. through B.6. or a similar event that may increase or decrease the policy premium. **You** agree to give **us** notice of any exposure change as soon as is reasonably possible. Changes that may result in a premium adjustment include, but are not limited to, the following:

1.  Replacement, addition, deletion, change in description or change in usage of any **motor vehicle**.
2.  Addition or deletion of any operator.
3.  Replacement, addition, deletion or change in description or change in usage of any premises, including any real property or real estate.
4.  Replacement, addition, deletion, change in description or change in usage of any **watercraft** or **personal watercraft**.
5.  Addition or deletion of any **underlying insurance**.
6.  Increase or decrease in the limit of liability for any **underlying insurance**.

Copyright, USAA, 2010. All rights reserved.
Includes copyrighted material of Insurance Services Office, used with permission.