JOSHUA N. KASTAN (SBN 284767)
JNK@dkmlawgroup.com
JESSICA J. ROSS (SBN 313988)
JJR@dkmlawgroup.com
**DKM LAW GROUP, LLP**
50 California St., Suite 1500
San Francisco, CA 94111
Telephone:(415) 421-1100
Facsimile: (415) 842-0095

Attorneys for Defendant,
USAA CASUALTY INSURANCE COMPANY

# IN UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY R. WHITELEY,<br><br>Plaintiff,<br><br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO.: 2:24-cv-00138-FLA-MAA<br><br>**DEFENDANT USAA CASUALTY INSURANCE COMPANY'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND ADDITIONAL MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

| | |
|---|---|
| **Hearing Date:** | March 14, 2025 |
| **Hearing Time:** | TBD |
| **Crtrm.:** | 6B |
| **Judge:** | Hon.Aenlle-Rocha |
| **Cmplt. Filed:** | Jan. 5, 2024 |

    Defendant USAA Casualty Insurance Company ("USAA CIC") respectfully submits its Response to Statement of Genuine Disputes of Material Fact and Additional Material Facts in support of its Moton for Summary Judgment and Opposition to Plaintiff's Cross-Motion for Summary Judgment:

| USAA's Uncontroverted Facts and Supporting Evidence | Mr. Whiteley's Response and Supporting Evidence |
|---|---|
| 1. USAA CIC issued Homeowners Policy, No. 007778375-90A, to Plaintiff Jeremy Whiteley ("Homeowners Policy").<br><br>Declaration of Jessica Ross in Support of USAA's Motion for Summary Judgment ("Ross Decl.") at Exhibit 1. | Undisputed. |
| 2. USAA CIC issued Umbrella Policy, No. 007778375-70U, to Plaintiff Jeremy Whiteley ("Umbrella Policy").<br><br>Ross Decl. at Exhibit 2. | Undisputed. |
| 3. On March 28, 2022, non-profit Breaking Code Silence ("BCS") filed a complaint against Whiteley and Katherine McNamara ("McNamara") alleging causes of action for violations of the Computer Fraud and Abuse Act (18 U.S.C. §1030) and California's Computer Data Access and Fraud Act (Cal. Penal Code § 502) ("BCS Complaint").<br><br>Declaration of Barbara Gonzalez ("Gonzalez Decl.") in support of USAA CIC's Motion for Summary Judgment at ¶6, Exhibit 3. | Undisputed. |
| 4. The Homeowners Policy states:<br><br>**UNIT OWNERS –**<br><br>**HOMEOWNERS** | Undisputed. |

| | | | |
|---|---|---|---|
| | | **POLICY -PERSONAL INJURY ENDORSEMENTCOVERAGE E – PERSONAL LIABILITY**<br><br>If a claim is made or a suit is brought against any **"insured"** for damages because of **"bodily injury", "property damage"** or **"personal injury"** caused by an **"occurrence"** to which this coverage applies, we will:<br><br>* * *<br><br>1. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false, or fraudulent…<br><br>We will not pay for punitive **"damages"** or exemplary **"damages"**, fines or penalties.<br><br>Ross Decl., Exhibit 1 at WHITELEY_HO_CP_065. | |
| | 5. | The Homeowners Policy's Personal Injury Endorsement defines "personal injury" and "occurrence":<br><br>**"Personal Injury"** means:<br><br>    b. Libel.<br>    c. Slander.<br>    d. Defamation of character.<br>    e. Invasion of rights of privacy. | Undisputed. |

**USAA CIC'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT
CASE NO. - 2:24-CV-00138-FLA-MAA**

| | | |
|---|---|---|
| | ***<br><br>**"Personal injury"** only applies when the conduct is not malicious or criminal in nature.<br><br>***<br><br>**"Occurrence"** means:<br><br>    **a.** An accident … which results, during the policy period, in "**bodily injury**" or "**property damage**"…<br>    **b.** events . . . proximately caused by an act or omission of any "insured", which results, during the policy period, in "personal injury", neither expected nor intended from the standpoint of the "insured." | |
| 6. | Homeowners Policy defines "bodily injury" and "property damage" as:<br><br>    **- DEFINITIONS –**<br><br>    ***<br><br>    2. "Bodily injury" means physical injury, sickness or disease, including required care, loss of services and death that results.<br><br>    "Bodily injury" does not include mental injuries such as: emotional distress, mental anguish, humiliation, mental distress, or any similar injury unless it arises out of physical injury to the | Undisputed. |

| | | | |
|---|---|---|---|
| | | person claiming a mental injury.<br><br>***<br><br>18. "Property damage" means physical damage to, or destruction of tangible property, including loss of use of this property.<br><br>Ross Decl., Exhibit 1 at WHITELEY_HO_CP_008-009. | |
| | 7. | The Homeowners Policy and Personal Injury Endorsement included the following exclusions:<br><br>**- SECTION II –EXCLUSIONS –**<br><br>1. Coverage E Personal Liability and Coverage F Medical Payments to Others do not apply to "personal injury":<br>a. which is expected or intended by the "insured" . . .<br><br>Ross Decl., Exhibit 1 at WHITELEY_HO_CP_065. | Undisputed. |
| | 8. | The Umbrella Policy's personal liability coverage provides:<br><br>**PERSONAL UMBRELLA POLICY**<br><br>**- INSURING AGREEMENT -**<br><br>***<br><u>B. Defense.</u><br>1. If a claim is made or a suit is brought against any **insured** for **bodily injury** or **property** | Undisputed. |

**USAA CIC'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**
**CASE NO. - 2:24-CV-00138-FLA-MAA**

| | | | |
|---|---|---|---|
| | | **damage** arising from an **occurrence** to which this policy applies, or for **personal injury** to which this policy applies, we will provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent…<br><br>Ross Decl., Exhibit 2 at WHITELEY_UMB_CP_011. | |
| | 9. | The Umbrella Policy defines "bodily injury" identical to the Homeowners Policy, and includes the following additional definitions:<br><br>       **-DEFINITIONS-**<br>***<br>N. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in bodily injury or property damage.<br><br>O. "**Personal injury**" means injury arising out of one or more of the offenses listed below . . .<br>1. Oral, written or electronic publication of a false statement that defames a person's or organization's character or reputation.<br>2. Oral, written or electronic publication of material that violates a person's right of privacy by publicly disclosing private facts. | Undisputed. |

| | | | |
|---|---|---|---|
| | | Ross Decl., Exhibit 2 at WHITELEY_UMB_CP_010. | |
| | 10. | The Umbrella Policy sets forth the following exclusions:<br><br>**- EXCLUSIONS -**<br>***<br>D. This insurance does not apply to **personal injury** which results from a false statement if done by or at the direction of any **insured** with knowledge that the statement was false, or made with reckless disregard for the truth.<br>***<br>G. This insurance does not apply to **bodily injury, property damage** or **personal injury:**<br>***<br>7. Arising out of a criminal act or omission by, or with either the knowledge or consent of, any **insured**.<br>***<br>10. Arising out of any contract or agreement.<br><br>Ross Decl., Exhibit 2 at WHITELEY_UMB_CP_013-014. | Undisputed. |
| | 11. | The BCS Complaint alleged Whiteley "engaged in acts of cyberhacking directed to BCS".<br><br>Gonzalez Decl., ¶6, Exhibit 3 at ¶7. | Undisputed that the BCS Complaint includes the quoted allegation, among others. |
| | 12. | The BCS Complaint alleged Whiteley "set-up the website infrastructure" and the "hosting account for the BCS website".<br><br>Gonzalez Decl., ¶6, Exhibit 3 at | Undisputed that the BCS Complaint includes the quoted allegation, among others. |

**USAA CIC'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT CASE NO. - 2:24-CV-00138-FLA-MAA**

| | | | |
|---|---|---|---|
| | | ¶11. | |
| | 13. | The BCS Complaint alleged Whiteley "was the alter ego of [McNamara]", "was a co-conspirator of [McNamara]" and "acted intentionally … and pursuant to an agreement [with McNamara] . . . to obtain and convert secret, confidential, and proprietary information [and] documents" for "their own competitive advantage, and to deprive BCS of the use of such property in business".<br><br>Gonzalez Decl., ¶6, Exhibit 3 at ¶13-15. | Undisputed that the BCS Complaint includes the quoted allegation, among others. |
| | 14. | The BCS Complaint alleged Whiteley "exercised an extreme act and maliciously accessed BCS's account with Google" and "caused the website to be deindexed" using Whiteley's former administrative credentials".<br><br>Gonzalez Decl., ¶6, Exhibit 3 at ¶36. | Undisputed that the BCS Complaint includes the quoted allegation, among others. |
| | 15. | The BCS Complaint alleged Whiteley "maliciously attempted to remove and/or gain control of the BCS website and corresponding Google Webmaster Central permissions".<br><br>Gonzalez Decl., ¶6, Exhibit 3 at ¶39. | Undisputed that the BCS Complaint includes the quoted allegation, among others. |
| | 16. | The BCS Complaint alleged Whiteley "attempted or succeeded at changing the content of the [BCS] website" and accessed BCS's AdWords account without | Undisputed that the BCS Complaint includes the quoted allegation, among others. |

| | | | |
|---|---|---|---|
| | | authorizations.<br><br>Gonzalez Decl., ¶6, Exhibit 3 at ¶43. | |
| | 17. | The BCS Complaint alleged McNamara "started creating tension on BCS's board and began regularly spreading gossip and slanderous lies about fellow board members among volunteers and in the survivor community".<br><br> Gonzalez Decl., ¶6, Exhibit 3 at ¶27. | Undisputed that the BCS Complaint includes the quoted allegation, among others. |
| | 18. | The BCS Complaint alleged McNamara "conspired with other volunteers and employees of BCS, including Mary "Meg" Applegate and Caroline (Cole) Lorson, to download BCS's files and confidential data, including an entire Google Drive, without BCS's authority or permission, and in specific instances, even tamper with, destroy, and deny access to portions of BCS data from such Google Drive . . .".<br><br>Gonzalez Decl., ¶6, Exhibit 3 at ¶30. | Undisputed that the BCS Complaint includes the quoted allegation, among others. |
| | 19. | The BCS Complaint alleged "once [McNamara] was satisfied that she had gutted the entirety of BCS's electronically stored information, she encouraged additional volunteers and board members to leave BCS under false pretenses".<br><br>Gonzalez Decl., ¶6, Exhibit 3 at ¶32. | Undisputed that the BCS Complaint includes the quoted allegation, among others. |

| | | | |
|---|---|---|---|
| | 20. | The BCS Complaint alleged "Lifetime was promoting a made-for-TV film based on the true stories of two TTI survivors, which . . . highlighted BCS's work on the TTI-survivor and victim communities. [Whiteley and McNamara's] conduct prevented BCS from being able to promote the documentary . . ." Gonzalez Decl., ¶6, Exhibit 3 at ¶37. | Undisputed that the BCS Complaint includes the quoted allegation, among others. |
| | 21. | The BCS Complaint alleged "the deindexing of the BCS website blocked its primary and largest source of traffic, organic searches, cutting off the website's main source of exposure" and "reflected a significant and dramatic drop in traffic". Gonzalez Decl., ¶6, Exhibit 3 at ¶38. | Undisputed that the BCS Complaint includes the quoted allegation, among others. |
| | 22. | The BCS Complaint alleged ". . . the harm caused by [Whiteley and McNamara] is irreparable, e.g. the breach of the trust of the public sought to be served by BCS, the unknown extent to which they have reviewed and destroyed BCS confidential information, emails, intellectual properties, and other files, and damaged relationships after Defendant McNamara and her colleagues at UnSilenced made defamatory statements to valued partners, resulting in strained and, in some cases, terminated valued relationships. In this lawsuit, BCS seeks an injunction . . . " | Undisputed that the BCS Complaint includes the quoted allegation, among others. |

USAA CIC'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT
CASE NO. - 2:24-CV-00138-FLA-MAA

| | | |
|---|---|---|
| | Gonzalez Decl., ¶6, Exhibit 3 at ¶45. | |
| 23. | The BCS Complaint alleged "as a direct and proximate result of [Whiteley and McNamara's] conduct BCS has suffered extensive damages in excess of $5,000 . . . Such damages include . . . lost business opportunities and monetary donations, and disclosure of misleading information to the public."<br><br>Gonzalez Decl., ¶6, Exhibit 3 at ¶47. | Undisputed that the BCS Complaint includes the quoted allegation, among others. |
| 24. | The BCS Complaint alleged "BCS also seeks recovery for lost goodwill as a result of [Whiteley and McNamara]'s dissemination of false information by impersonating BCS. Defendants have also greatly and unjustly enriched themselves used BCS's social media accounts and proprietary information at BCS's expense."<br><br>Gonzalez Decl., ¶6, Exhibit 3 at ¶48. | Undisputed that the BCS Complaint includes the quoted allegation, among others. |
| 25. | The BCS Complaint alleged "During this period of service interruptions, BCS suffered losses of revenue and donations . . . lost thousands of dollars in donations, revenues, and in potential future growth . . ."<br><br>Gonzalez Decl., ¶6, Exhibit 3 at ¶73. | Undisputed that the BCS Complaint includes the quoted allegation, among others. |

| 26. | On April 21, 2022, Whiteley notified USAA CIC of the lawsuit.<br><br>Gonzalez Decl., ¶6, Exhibit 4. | Undisputed. |
|---|---|---|
| 27. | On April 22, 2022, USAA CIC Adjuster Kaczmarek was assigned to the claim.<br><br>Gonzalez Decl., ¶7, Exhibit 5. | Undisputed. |
| 28. | On April 22, 2022, Kaczmarek reviewed the BCS Complaint and noted it alleged Whiteley "engaged in cyber hacking directed to BCS, including but not limited to the unauthorized access of servers and networks", and then reviewed the Homeowners Policy.<br><br>*Id.* | Undisputed that Kaczmarek's claims notes reflect the quoted language. |
| 29. | On April 22, 2022, Kaczmarek spoke with Whiteley regarding the BCS Complaint.<br><br>During the call, Whiteley denied taking part in the allegations and stated he believed he was named in the lawsuit as an act of retaliation by BCS.<br><br>Kaczmarek advised Whiteley "based on the suit and wording of the policy, there does not appear to be coverage for the loss or legal representation as the loss does not meet the definition of an occurrence under the policy", but that USAA CIC's final coverage determination was pending review by its legal team.<br><br>Gonzalez Decl., ¶8, Exhibit 6. | Undisputed. |

| | | |
|---|---|---|
| 30. | On April 22, 2022, Whiteley sent a digital message to Kaczmarek disputing his statements regarding coverage.<br><br>Gonzalez Decl., ¶8, Exhibit 7. | Undisputed. |
| 31. | On April 22, 2022, Kaczmarek requested internal review and recommendation regarding the BCS Complaint in conjunction with the Homeowners Policy by a manager and director.<br><br>Gonzalez Decl., ¶9, Exhibit 8. | Undisputed. |
| 32. | On April 22, 2022, Manager of Claims Operations Kathryn Mashaw reviewed the BCS Complaint, Homeowners Policy, and Kaczmarek's request, and recommended:<br><br>"Agree w/[Kaczmarek's] recommendation. Accusations do not meet definition of occurrence and no property damage present. Deferring to [Director of Claims Operations].:<br><br>Gonzalez Decl., ¶9, Exhibit 9. | Undisputed. |
| 33. | On April 23, 2022, Director of Claims Operations Barbara Gonzalez ("Gonzalez") reviewed the Homeowners Policy and BCS Complaint, and stated:<br><br>"DCO review does not find any allegations or actions that would meet the definition of [bodily injury or property damage] under the policy and therefore does not see a duty to defend . . . DCO | Undisputed. |

| | | | |
|---|---|---|---|
| | | authorized further review by [outside counsel]." | |
| | | "DCO agrees with [Kaczmarek] and [Mashaw] that allegations do not meet [definition of bodily injury or property damage]." | |
| | | Gonzalez Decl., ¶10, Exhibit 10. | |
| | 34. | On April 26, 2022, Kaczmarek called outside counsel Daniels Fine Israel Schonbuch & Lebovits to request a coverage review. | Undisputed. |
| | | Gonzalez Decl., ¶11, Exhibit 11. | |
| | 35. | On April 26, 2022, Whiteley sent multiple digital messages to Kaczmarek, stating: | Undisputed. |
| | | "I have hired an attorney with extensive experience with this type of frivolous lawsuit." | |
| | | "This is a claim for a frivolous lawsuit. Under the Personal Injury section of my policy. My homeowners and umbrella policy provide coverage. My HOA is not needed." | |
| | | Kaczmarek responded: | |
| | | "There is no coverage for personal injury to an insured under the umbrella policy. The personal injury coverage applies to a claimant or third party." | |
| | | Gonzalez Decl., ¶12, Exhibit 12. | |
| | 36. | Based on Whiteley's messages, Kaczmarek opened a separate claim under the Umbrella Policy. | Undisputed. |

| | | | |
|---|---|---|---|
| | | Gonzalez Decl., ¶13, Exhibit 13 at Doc Note 1, 4. | |
| | 37. | On April 27, 2022, Kaczmarek reviewed the Umbrella Policy and requested internal review by a manager and director of the BCS Complaint in conjunction with the Umbrella Policy.<br><br>Gonzalez Decl., ¶13, Exhibit 13 at Doc Note 6. | Undisputed. |
| | 38. | On April 27, 2022, Manager of Claims Operations Alisa Kuzma-Holmes ("Holmes") reviewed and agreed the duty to defend was not triggered under the Umbrella Policy, stating:<br><br>"Agree w/[Kaczmarek] recommendation. Accusations do not meet definition of occurrence and no property damage present. [Outside counsel] is reviewing coverage under [homeowners] policy – doc #29 – request to have review under umbrella as well".<br><br>Gonzalez Decl., ¶14, Exhibit 14. | Undisputed that Holmes' claims note reflects the quoted language but disputed that the Umbrella Policy does not include any "occurrence" requirement for "personal injury" coverage. *See* Whiteley Decl., Ex. E (umbrella policy). |

**38. USAA CIC's Response.**

Whiteley improperly states legal argument regarding policy interpretation as a dispute of this fact. The content of the documents at issue – Exhibit 14 to the Gonzalez Declaration and the Exhibit E to the Whiteley Declaration speak for themselves.

| | | | |
|---|---|---|---|
| | 39. | On April 28, 2022, Gonzalez reviewed the Umbrella Policy and agreed with Kaczmarek and Holmes' coverage recommendations, stating: | Undisputed that Gonzalez's claims note reflects the quoted language. |

| | | | |
|---|---|---|---|
| | | "DCO does not see that allegations meet the def of [bodily injury, property damage] or occurrence as outlined in the policy and therefore does not see duty to defend but would like further review by [outside counsel] and give authority for same". Gonzalez Decl., ¶15, Exhibit 15. | |
| | 40. | On April 27, 2022, Kaczmarek retained outside counsel Mark Israel ("Israel") to provide a coverage review. Gonzalez Decl., ¶16, Exhibit 16. | Undisputed. |
| | 41. | On November 21, 2024, Israel was deposed in this matter ("Israel's Deposition"). Israel testified: Q: And how long have you specialized in insurance coverage? A: Thirty-seven years. Ross Decl., Exhibit 17 Depo [depo 8:24-9:1].) | Undisputed that Mr. Israel's deposition included the quoted testimony. |
| | 42. | On May 3, 2022, Kaczmarek sent a digital message to Whiteley notifying him USAA CIC was "still completing our coverage review of your loss". Gonzalez Decl., ¶17, Exhibit 18. | Undisputed. |
| | 43. | On May 3, 2022, Whiteley sent a digital message to Kaczmarek stating: ". . . This is covered under the personal injury section of my homeowner's policy under g. Malicious prosecution and | Undisputed. |

**USAA CIC'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**
**CASE NO. - 2:24-CV-00138-FLA-MAA**

| | | | |
|---|---|---|---|
| | | humiliation. This Complaint is no more than judicial extortion. Plaintiff's allegations are a work of fiction designed to intimidate Defendant McNamara into surrendering a domain name she purchased with her own funds and in her own name years prior to her involvement with [BCS] and never transferred to the company". | |
| | | Gonzalez Decl., ¶17, Exhibit 18. | |
| | 44. | On May 10, 2022, after having been out of office for training, Kaczmarek contacted Whiteley to discuss the claims, and left him a voicemail. | Undisputed that on May 10, 2022, Kaszmarek called Mr. Whiteley back after nearly two weeks had passed since Mr. Whiteley's initial call. |
| | | Gonzalez Decl., ¶18, Exhibit 19. | |

**44. USAA CIC's Response.**

USAA CIC objects to the legal argument impermissibly incorporated in Whiteley's response to this fact.

| | | | |
|---|---|---|---|
| | 45. | On May 12, 2022, Whiteley sent Kaczmarek a digital message claiming his voicemail was "unresponsive and breaches USAA's duty to defend". | Undisputed. |
| | | Kaczmarek responded: | |
| | | ". . . I did reach out to the outside counsel that is completing the coverage review for your claim and was advised that they hope to have the review completed by Monday. Once i receive their response, I will follow up with you to discuss our position." | |

**USAA CIC'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**
**CASE NO. - 2:24-CV-00138-FLA-MAA**

| | | Gonzalez Decl., ¶18, Exhibit 20. | |
|---|---|---|---|
| | 46. | On May 16, 2022, Israel notified Kaczmarek of his recommendation that USAA CIC's duty to defend was not triggered under the Homeowners Policy or Umbrella Policy, stating:<br><br>"I conclude that there is no duty to defend this matter which allege violations of state and federal antihacking statutes for the reasons set forth in the attached response letter"<br><br>Kaczmarek copied Israel's e-mail into the claim file's Activity Log and noted he would advise Whiteley and Whiteley's counsel of the coverage determination.<br><br>Gonzalez Decl., ¶20, Exhibit 21. | Undisputed. |
| | 47. | Israel attached a ten-page long draft response letter to Whiteley's counsel which set forth Israel's conclusions and provided a detailed recitation of the BCS Complaint, the Homeowners Policy language, the Umbrella Policy language, and analysis including citations to relevant California case law.<br><br>Israel's letter provided four separate reasons USAA CIC's duty to defend was not triggered.<br><br>Gonzalez Decl., ¶20, Exhibit 22. | Undisputed that Mr. Israel provided Mr. Kaczmarek with a draft denial letter citing four purported reasons by USAA's duty to defend had not been triggered. |
| | **48. USAA CIC's Response.** | | |

| | | | |
|---|---|---|---|
| | | USAA CIC objects to the legal argument impermissibly incorporated in Whiteley's response to this fact and avers the contents of Exhibit 22 to the Gonzalez Declaration speak for themselves. | |
| | 48. | On May 16, 2022, Kaczmarek called Whiteley to notify him of USAA CIC's coverage determination. Kaczmarek noted he "explained to ni the outcome of the review" and "advised a denial letter will be drafted under each policy and sent to him and his attorney". <br><br> Kaczmarek further noted Whiteley "request to have callback from my manager to discuss his claim". <br><br> Gonzalez Decl., ¶21, Exhibit 23. | Undisputed. |
| | 49. | On May 17, 2022, Kaczmarek sent Whiteley and his counsel written correspondence notifying him of USAA CIC's coverage determination that its duty to defend was not triggered, explaining the grounds for the denial of the claims, and attaching Israel's responsive letter. <br><br> Gonzalez Decl., ¶22, Exhibit 24. <br><br> For efficiency of review, attachment is not included but is within the record as Gonzalez Decl., Exhibit 22. | Undisputed. |
| | 50. | On May 17, 2022, the USAA CIC Member Advocacy Team investigated Whiteley's complaint and called him to discuss. <br><br> Gonzalez Decl., ¶23, Exhibit 25. | Disputed on the grounds that this purported "fact" is not supported by competent evidence.  *See* Jeremy Whiteley's Objections to Evidence Cited by USAA In Support of Its Motion for Summary Judgment |

| | | |
|---|---|---|
| | | ("Evidentiary Objections"), Fact No. 50. |
| | **50. USAA CIC's Response.**<br><br>Exhibit 25 to the Gonzalez Declaration is a note within USAA CIC's Activity Log which documents USAA CIC's Member Advocacy Team's response to Whiteley's escalation of his claim. The use of the word "complaint" in the note references Whiteley's complaint regarding USAA CIC's handling of his claim, not the BCS Complaint. Accordingly, the document indicates USAA CIC's Member Advocacy Team reviewed the actions that had been taken on Whiteley's claim for insurance benefits and contacted him to discuss the same. | |
| 51. | On May 20, 2022, Whiteley spoke with Kaczmarek on the phone and claimed "he never requested to file a claim under his umbrella policy" and "disputed ever speaking to [Kaczmarek] prior to our conversation last Monday".<br><br>Whiteley then "advised [Kaczmarek] he had recorded the call for reference", without notifying Kaczmarek or obtaining his consent, which Kaczmarek did not give.<br><br>Gonzalez Decl., ¶24, Exhibit 26, at Doc Note 87. | Undisputed that USAA's claims file notes contain the quoted summary of the referenced conversation. |
| 52. | On May 23, 2022, Gonzalez called Whiteley. Gonzalez summarized the call, noting:<br><br>"[Whiteley] alleges no communication about the claims process" . . .<br><br>". . . he understands that the complaint outlined in the law suit does not meet the definitions in the contract but is unhappy with the | Undisputed that USAA's claims file notes contain the quoted summary of the referenced conversation. |

| | | | |
|---|---|---|---|
| | | handling of the claim . . ." "he said that his attorneys will take it from here". Gonzalez Decl., ¶24, Exhibit 26 at Doc Note 88. | |
| | 53. | On September 21, 2023, Whiteley's counsel sent written correspondence to USAA CIC demanding "immediate withdrawal of the wrongful denial". The letter disputed USAA CIC's coverage determination and set forth Whiteley's counsel's factual and legal positions. Gonzalez Decl., ¶25, Exhibit 27. | Undisputed. |
| | 54. | On September 21, 2023, Kaczmarek reviewed the correspondence from Whiteley's counsel and noted he would "forward the document to [MCO Holmes] for further review and to discuss the next steps". Gonzalez Decl., ¶25, Exhibit 28 at Doc Note 112. | Undisputed. |
| | 55. | On September 21, 2023, Holmes reviewed the written correspondence from Whiteley's counsel and instructed Kaczmarek to "send the letter to [outside counsel Isrel] to review to determine if the additional information would change opinion" and to advise Whiteley and his counsel of the same. Gonzalez Decl., ¶25, Exhibit 28 at | Undisputed. |

| | | | |
|---|---|---|---|
| | | Doc Note 113. | |
| | 56. | On September 22, 2023, Kaczmarek forward the written correspondence from Whiteley's counsel to Israel and "requested [Israel] review and verify if anything included in the letter changes our opinion". Kaczmarek also notified Whiteley's counsel of USAA CIC's continued review. Gonzalez Decl., ¶25, Exhibit 28 at Doc Note 115. | Undisputed. |
| | 57. | On November 9, 2023, Kaczmarek received e-mail correspondence from Israel which he copied into USAA CIC's claim file. Israel stated: "While this matter is somewhat esoteric and complex, I believe a careful review of the points raised by [Whiteley's counsel] indicates that his arguments are factually and or legally insufficient to trigger coverage under either policy issued to Mr. Whiteley. You will see the reasoning for that conclusion explained in detail in the letter", which was attached. Gonzalez Decl., ¶26, Exhibit 29. | Undisputed. |
| | 58. | Israel attached a draft responsive letter to Whiteley's counsel to his November 9, 2023 e-mail correspondence. The letter set forth a detailed explanation of Israel's recommendations as to coverage | Undisputed. |

| | | | |
|---|---|---|---|
| | | and his consideration and response to the positions taken by Whiteley's counsel in his September 5, 2023 letter.<br><br>Israel stated:<br><br>"We have carefully reviewed the issues raised by your correspondence as well as the federal court pleadings and Mr. Whiteley's USAA CIC policies. We find no coverage allegations in the complaint pertaining to Mr. Whiteley that would trigger a duty to defend the lawsuit or to indemnify any of the damages alleged."<br><br>Israel then addressed and responded to each allegation within the BCS Complaint that Whiteley's counsel claimed triggered USAA CIC's duty to defend. (*See* WHITELEY_CF_383-386.)<br><br>Gonzalez Decl., ¶26, Exhibit 30. | |
| | 59. | On November 9, 2023, Kaczmarek sent written correspondence to Whiteley's counsel affirming USAA CIC's coverage determination and copying Israel's draft response letter.<br><br>Gonzalez Decl., ¶27, Exhibit 31. | Undisputed. |
| | 60. | At Israel's Deposition, he testified:<br><br>Q: Well, the complaint alleges various facts, right? It makes –<br><br>A: Yes, it does. It's very clear and | Undisputed that Mr. Israel's deposition included the quoted testimony. Disputed, however, that this testimony is material to any of the issues raised in the parties' cross-motions. |

**USAA CIC'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT
CASE NO. - 2:24-CV-00138-FLA-MAA**

| | | |
|---|---|---|
| | detailed. Which, again, it is very clear and detailed, it alleges precisely what it wishes to allege and it does not allege any defamatory statement of fact by Mr. Whiteley against the plaintiff.<br><br>Ross Decl., Exhibit 17 at 25:20-26:2. | |

**60. USAA CIC's Response.**

Israel's testimony regarding his review of the BCS Complaint, his interpretation of its allegations, and the manner in which the allegations were phrased and presented is directly relevant and material to both the breach of contract claim and the claim for breach of the implied covenant of good faith and fair dealing.

The testimony indicates Israel reviewed the BCS Complaint, and further provides his sense that the complaint was carefully and "precisely" drafted. The precise drafting of the BCS Complaint bares on the plain meaning of the allegations included as well as words, phrases, or identifications which were *not* included which is directly relevant and material to whether USAA CIC's duty to defend was triggered under the Umbrella Policy.

| 61. | At Israel's Deposition, he testified:<br><br>Q: What about paragraph 48, same sort of line of questioning?<br><br>A: I read that the same way. That's an impersonation of BCS and also is defendant singular. So I don't see any clear factual allegation of defamation on the part of Mr. Whiteley in that paragraph.<br><br>Q: Does it have to be a clear factual allegation to trigger the duty to defend?<br><br>A: Yes. There has to be a factual allegation. It can't be based on speculation as to what the intent | Undisputed that Mr. Israel's deposition included the quoted testimony. Disputed, however, that this testimony is material to any of the issues raised in the parties' cross-motions. |

was. Particularly in my opinion when the cause of action is not alleged and never was alleged. And this is not a complaint that was not carefully drafted. It's obvious on its face it was very carefully drafted. It refers only to specified computer fraud and criminal statutes. So, in my opinion, no, this doesn't come anywhere near sufficient factually to allege a defamation cause of action with respect to Mr. Whiteley.

* * *

Q: Does paragraph 78 of the BCS complaint allege defamation?

A: I don't believe it does. It refers to a violation of a California Penal Code Statute.

[colloquy omitted]

Q: So it says: "Defendants . . . permanently damaged BCS's reputation and goodwill with the public". That's not enough to trigger allegations of defamation?

A: No. It's certainly possible to damage somebody's reputation and goodwill with the public without defaming them. For example, taking down their website.

* * *

Q: But the fact that the complaint says that defendants engaged in dissemination of false information or damaged BCS's reputation or

USAA CIC'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT
CASE NO. - 2:24-CV-00138-FLA-MAA

| | |
|---|---|
| disclosed misleading information to the public, all of the paragraphs that we just reviewed?<br><br>A: I would answer it exactly the same way. That calls for speculation as to what the allegation was, that this was intended to be an allegation of a defamatory falsehood made by Mr. Whiteley about the plaintiff. It's not the complaint. It's nowhere in the complaint.<br><br>Ross Decl., Exhibit 17 at 23:2-22; 24:5-23; 25:5-15. | |

**61. USAA CIC's Response.**

Israel's testimony regarding his review of the BCS Complaint, his interpretation of its allegations, and the manner in which the allegations were phrased and presented is directly relevant and material to both the breach of contract claim and the claim for breach of the implied covenant of good faith and fair dealing.

The testimony indicates Israel reviewed the BCS Complaint, and further provides his sense and opinion that the complaint did not contain allegations of defamation or "personal injury" against Whiteley which could have triggered USAA CIC's duty to defend. The drafting of the BCS Complaint and Israel's interpretation of the same bares on the plain meaning of the allegations included as well as words, phrases, or identifications which were *not* included which is directly relevant and material to whether USAA CIC's duty to defend was triggered under the Umbrella Policy.

| | | |
|---|---|---|
| 62. | At all times during the handling of the claim, Kaczmarek and his team, including but not limited to Holmes and Gonzalez, reviewed all information provided, kept an open mind, never made any decision or conducted any activity on the claim with any intent to cause harm, and never intended to | Disputed. USAA's conduct through its investigation and handling of Mr. Whiteley's insurance claim was contrary to insurance industry customs and standards and inconsistent with USAA's duty of good faith and fair dealing. Declaration of Jeremy Whiteley in support of Plaintiff's Opposition to |

| | |
|---|---|
| make nor did make any misrepresentations to Whiteley or his counsel.<br><br>Gonzalez Decl. at ¶¶28-29. | Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgment ("Whiteley Decl.") ¶¶ 6-12; s*ee also* Declaration of Jim Schratz in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgment ("Schratz Decl.") ¶¶ 21-30; s*ee also* Declaration of Shaun Crosner in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgment ("Crosner Decl.") ¶¶ 2-3, Ex. A at 11:19-13:2; 14:2-15:8; 23:2-14; 136:24-137:8; Ex. B at 36:6-13; 39:24-40:17; 35:3-8.<br><br>Further disputed on the grounds that this purported fact is not supported by competent evidence. *See* Evidentiary Objections, Fact No. 62. |

**62. USAA CIC's Response.**

USAA CIC objects to the improper incorporation of legal argument regarding the breach of implied covenant claim in Whiteley's Response. This material fact is verbatim repeated from within Gonzalez's Declaration, and does not make any claim regarding industry standards and custom. Accordingly, Whiteley's response is nonsensical.

Gonzalez states in her Declaration that she has been involved in handling of claims with USAA for "approximately 33 years". (Dkt. 45-5 at ¶1.) Gonzalez further attests she is familiar with Whiteley's claim for a defense in the BCS Lawsuit and that her team was assigned to handle the claim in April 2022. (*Id*. at ¶4.) She further states the documents within the claim file were "received, generated, or reviewed by me and my team during the handling of the claims". (*Id*. at ¶5.)

As Whiteley notes in his Opposition and Cross-Motion, Gonzalez is a "property claims director" and was "involved in the handling of Whiteley's claim and was responsible for and approved the final decision to deny coverage". (Dkt. 47 at Fact No. 93-94.) Gonzalez, as a manger, is competent and knowledgeable to speak towards what the members of her team – Kaczmarek and Holmes – reviewed and did in terms of their investigation of Whiteley's claims for benefits under the subject policies.

Nor does the disputed paragraph of Gonzalez's Declaration include legal conclusion or opinion testimony.

Gonzalez's statement is based upon her personal knowledge and experience and is well-founded.

USAA CIC further submits its Responses and Supporting Evidence to the additional facts alleged by Plaintiff in support of his Opposition to USAA's Motion for Summary Judgment and his cross-motion for partial summary judgment:

| | Whiteley's Undisputed Additional Facts and Supporting Evidence | USAA CIC's Response and Supporting Evidence |
|---|---|---|
| 63. | On March 28, 2022, Breaking Code Silence ("BCS") filed the BCS Lawsuit against Mr. Whiteley and his co-defendant, Katherine McNamara.<br><br>Declaration of Jeremy Whiteley in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgment ("Whiteley Decl.") ¶ 2, Exhibit A. | Undisputed, and impermissibly redundant of Fact No. 3 pursuant to the Court's Initial Standing Order [Dkt. 22]. |

| 64. | Mr. Whiteley and Ms. McNamara were the two "Defendants" in the *BCS* Lawsuit.<br><br>Whiteley Decl. ¶ 2, Exhibit A. | Undisputed that Whiteley and McNamara were named as the defendants in the BCS Complaint. |
| --- | --- | --- |
| 65. | The *BCS* Complaint alleged that Mr. Whiteley resigned from BCS' board of directors and thereafter formed a competitor organization called UnSilenced with Ms. McNamara.<br><br>Whiteley Decl. ¶2, Ex. A. ¶ 25, at 8. | Undisputed that ¶25 of the BCS Complaint alleges Mr. Whiteley resigned from BCS' board of directors.<br><br>Disputed insofar as ¶25 of the BCS Complaint does not allege Whiteley "thereafter formed a competitor organization called UnSilenced with Ms. McNamara." A sub-heading within the BCS Complaint states "Defendants Form Unsilenced . . .", but there is no allegation within the BCS Complaint stating as much. |
| 66. | The *BCS* Complaint contained a heading specifically alleging that Mr. Whiteley and Ms. McNamara "formed UnSilenced."<br><br>Whiteley Decl. ¶ 2, Ex. A. at 8. | Undisputed. |
| 67. | Mr. Whiteley formed UnSilenced with Ms. McNamara and was one of her colleagues at UnSilenced following its formation.<br><br>Whiteley Decl. ¶ 6. | Undisputed that Mr. Whiteley states within his Declaration he formed UnSilenced with McNamara and considers himself her colleague.<br><br>Disputed insofar as Whiteley claims his subjective belief as to his relationship with McNamara proves or demonstrates the meaning of allegations within the BCS Complaint, which speaks for itself. |

| 68. | As of April and May 2022, UnSilenced's website—which was accessible through Google and all other internet search engines—reflected Mr. Whiteley's involvement with the organization.<br><br>Whiteley Decl. ¶ 7, Ex. B. | Undisputed that Exhibit B to Whiteley's Declaration reflects his involvement in UnSilenced. Disputed, however, that this fact or exhibit is material to any of the issues raised in the parties' cross-motions. |
|---|---|---|
| 69. | The *BCS* Complaint alleged that while at UnSilenced, Ms. McNamara "and her colleagues at UnSilenced made defamatory statements to valued partners, resulting in strained and, in some cases, terminated valued relationships." | Undisputed. |
| 70. | The *BCS* Complaint also alleged that the defendants disclosed "misleading information to the public" and disseminated "false information by impersonating BCS."<br><br>Whiteley Decl. ¶ 2, Ex. A. ¶¶ 47-48. | Disputed insofar as this fact is an incomplete recitation of the paragraphs 47-48 of the BCS Complaint, the contents of which speak for themselves. |
| 71. | The *BCS* Complaint alleged that both defendants did the aforementioned acts "aimed at harming BCS and permanently damaging BCS's reputation and goodwill with the public . . . ."<br><br>Whiteley Decl. ¶ 2, Ex. A. ¶ 76. | Disputed insofar as this fact is an incomplete recitation of the paragraph 76 of the BCS Complaint, the contents of which speak for itself. |
| 72. | USAA CIC issued Umbrella Policy, No. 007778375-70U, to Plaintiff Jeremy Whiteley | Undisputed. |

| | | | |
|---|---|---|---|
| | | ("Umbrella Policy").<br><br>Whiteley Decl. ¶ 13, Ex. E. | |
| | 73. | The Umbrella Policy obligates USAA to "pay for damages that an **insured** becomes legally obligated to pay because of **personal injury**."<br><br>Whiteley Decl. ¶ 13, Ex. E at WHITELEY_UMB_CP_011. | Undisputed. |
| | 74. | The Umbrella Policy defines "**personal injury**" to include "[o]ral, written or electronic publication of a false statement that defames a person's or organization's character or reputation<br><br>Whiteley Decl. ¶ 13, Ex. E at WHITELEY_UMB_CP_010. | Undisputed. |
| | 75. | Had anyone from USAA asked Mr. Whiteley regarding his involvement at UnSilenced, he would have readily confirmed that he formed UnSilenced with Ms. McNamara and was a colleague of hers following the formation of UnSilenced.<br><br>Whiteley Decl. ¶¶ 6-12. | Undisputed that Mr. Whiteley states within his Declaration he would have told USAA CIC he formed UnSilenced with McNamara and considered himself her colleague.<br><br>Disputed insofar as Whiteley claims his subjective belief as to his relationship with McNamara proves or demonstrates the meaning of allegations within the BCS Complaint, which speaks for itself. Further disputed that this fact is material to any of the issues raised in the parties' cross-motions. |

| 76. | USAA actively avoided talking with Mr. Whiteley and never bothered to investigate his role with UnSilenced.<br><br>Whiteley Decl. ¶¶ 10-11. | Disputed. This "fact" constitutes impermissible legal argument which is not supported by the record of evidence before the Court.<br><br>Dkt. 45-5 at ¶¶6, 7, 8, 12, 17, 18, 19, 21, 22, 23, 24, 27, and all exhibits referenced therein. |
|---|---|---|
| 77. | The *BCS* Lawsuit concluded without any finding of liability on Mr. Whiteley's part and without any finding that Mr. Whiteley knowingly and intentionally defamed BCS.<br><br>Whiteley Decl. ¶ 4. | Undisputed that Whiteley attests to this. Disputed that this fact is material to any of the issues raised in the parties' cross-motions. |
| 78. | Throughout the litigation, Mr. Whiteley disputed all liability to BCS, and his position ultimately was vindicated.<br><br>Whiteley Decl. ¶¶ 3-4. | Undisputed that Whiteley attests to this. Disputed that this fact is material to any of the issues raised in the parties' cross-motions. |
| 79. | The BCS Complaint did not allege criminal liability on the part of Mr. Whiteley, nor was criminal liability ever proven by BCS or anyone else.<br><br>Whiteley Decl. ¶ 5. | Undisputed that Whiteley attests to this. Disputed that this fact is material to any of the issues raised in the parties' cross-motions. |
| 80. | The *BCS* Complaint does not allege that Mr. Whiteley was ever charged with any crime—and, indeed, he was not.<br><br>Whiteley Decl. ¶ 5. | Undisputed that Whiteley attests to this. Disputed that this fact is material to any of the issues raised in the parties' cross-motions. |

**USAA CIC'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT
CASE NO. - 2:24-CV-00138-FLA-MAA**

| | | |
|---|---|---|
| 81. | At all times throughout the litigation with BCS, Mr. Whiteley disputed that he and Ms. McNamara shared any "agreement" to defame or otherwise harm BCS.<br><br>Whiteley Decl. ¶ 3. | Undisputed that Whiteley attests to this. Disputed that this fact is material to any of the issues raised in the parties' cross-motions. |
| 82. | BCS never offered evidence of any supposed "agreement" between Mr. Whiteley and Ms. McNamara to defame or otherwise harm BCS.<br><br>Whiteley Decl. ¶ 3. | Undisputed that Whiteley attests to this. Disputed that this fact is material to any of the issues raised in the parties' cross-motions. |
| 83. | In an attempt to justify its denial of coverage, USAA claimed that the *BCS* Complaint did not make clear whether Mr. Whiteley was a colleague of Ms. McNamara's at UnSilenced.<br><br>Whiteley Decl. ¶ 12. | Disputed. This "fact" constitutes impermissible legal argument which is not supported by the record of evidence before the Court. USAA CIC never claimed the BCS Complaint did not make clear whether Whiteley was a colleague of McNamara's at UnSilenced.<br><br>Dkt. 45-5 at Exhibit 6, 12, 19, 20, 23, 24, 26, 30, 31. |
| 84. | At various points throughout its purported investigation, USAA refused to communicate with Mr. Whiteley, failed to return his phone calls, and deprived him of the opportunity to answer questions relevant to USAA's investigation.<br><br>Whiteley Decl. ¶¶ 10-11. | Disputed. This "fact" constitutes impermissible legal argument which is not supported by the record of evidence before the Court.<br><br>Dkt. 45-5, and all exhibits attached thereto, in its entirety. |

| | | |
|---|---|---|
| 85. | After Mr. Whiteley complained about USAA's lack of responsiveness to the Arizona Department of Insurance, USAA wrote to the Insurance Commissioner and acknowledged that its adjuster had failed to return a voicemail from Mr. Whiteley during the period when USAA was investigating his claim for coverage.<br><br>Whiteley Decl. ¶ 11. | Disputed insofar as this "fact" misstates and mispresents USAA CIC's June 8, 2022 letter to the Arizona Department of Insurance, the contents of which speak for itself.<br><br><br>Whiteley Decl., Exhibit D. |
| 86. | Very early into USAA's investigation, USAA adjuster John Kaczmarek falsely told Mr. Whiteley that his Umbrella Policy provided the "same coverage" as his homeowners policy when, in fact, the Umbrella Policy provided broader coverage than the homeowners policy.<br><br>Whiteley Decl. ¶ 9, Ex. C. | Disputed. The contents of Exhibit C speak for themselves. Kaczmarek noted he "explained umbrella policy carries the same coverage as a homeowners policy".<br><br>This was not a coverage determination. It is a true statement that both the Homeowners Policy and Umbrella Policy provide the same Personal Liability coverage. Kaczmarek did not state the policies had the same terms, conditions, limitations, or exclusions, as Whiteley attempts to claim with this "fact". |
| 87. | USAA misled Mr. Whiteley regarding the Umbrella Policy's terms in its denial letter, which referenced a purported policy exclusion "for damages intended or reasonably expected by any insured."<br><br>Whiteley Decl. ¶ 12, Ex. E. | Disputed. This purported fact is not supported by the evidence to which it cites, which in its totality is an unrelated paragraph within Whiteley's Declaration and the Umbrella Policy. |

| | | | |
|---|---|---|---|
| 88. | The Umbrella Policy does not contain any exclusion for "damages intended or reasonably expected by any insured." | | Undisputed that the contents, terms and conditions within the Umbrella Policy speak for themselves. |
| | Whiteley Decl. ¶ 13. Gonzalez Decl. ¶ 20, Ex. 22 at 9. | | |
| 89. | USAA's conduct through its investigation and handling of Mr. Whiteley's insurance claim was contrary to insurance industry customs and standards and inconsistent with USAA's duty of good faith and fair dealing. | | Disputed. This is not a "fact", but impermissible legal argument. USAA CIC incorporates the arguments and facts set forth within its Motion and Reply herein as the grounds for its dispute of this statement. |
| | Declaration of Jim Schratz in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgment ("Schratz Decl.") ¶¶ 21-30; Whiteley Decl. ¶¶ 6-12; | | |
| | Declaration of Shaun Crosner in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgment ("Crosner Decl.") ¶¶ 2-3, Ex. A at 11:19-13:2; 14:2-15:8; 23:2-14; 136:24-137:8; Ex. B at 36:6-13; 39:24-40:17; 35:3-8. | | |
| 90. | Mr. Israel did not perform an independent investigation into Mr. Whiteley's involvement at UnSilenced, despite being tasked to investigate the claim by USAA. | | Undisputed that the contents of Israel's testimony speaks for itself. Disputed insofar as this "fact" contains impermissible legal argument. |

USAA CIC'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT
CASE NO. - 2:24-CV-00138-FLA-MAA

| | | | |
|---|---|---|---|
| | | Crosner Decl. ¶ 3, Ex. B at 36:6-13; 39:24-40:17. | |
| | 91. | Mr. Israel never contacted Mr. Whiteley regarding his role at UnSilenced, nor did he review any publicly-available information during his investigation of Mr. Whiteley's claim.<br><br>Crosner Decl. ¶ 3, Ex. B at 35:3-8. | Undisputed that the contents of Israel's testimony speaks for itself. Disputed insofar as this "fact" contains impermissible legal argument. |
| | 92. | Barbara Gonzalez is the "property claims director" overseeing the specialty team within the entirety of the United States, with approximately 90 employees (including nine managers) reporting to her.<br><br>Crosner Decl. ¶ 2, Ex. A at 11:19-13:2. | Undisputed. |
| | 93. | At all relevant times to this dispute, Ms. Gonzalez was the ultimate decision-maker with respect to coverage for all claims in which a USAA insured sought a defense in litigation.<br><br>Crosner Decl. ¶ 2, Ex. A at 14:2-15:8. | Disputed insofar as this "fact" misstates the context of Gonzalez's testimony, the contents of which speak for themselves.<br><br>Crosner Decl. ¶ 2, Ex. A at 14:2-15:8. |
| | 94. | Ms. Gonzalez was involved in the handling of Mr. Whiteley's claim and was responsible for and approved the final decision to deny coverage. | Undisputed. |

USAA CIC'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT
CASE NO. - 2:24-CV-00138-FLA-MAA

| | Crosner Decl. ¶ 2, Ex. A at 23:2-14; 136:24-137:8. | |
|---|---|---|

USAA CIC herein provides the additional material fact in support of its Reply and Opposition:

| | **ADDITIONAL MATERIAL FACT** | **SUPPORTING EVIDENCE** |
|---|---|---|
| 95. | Ms. Gonzalez states: As a Property Claims Director I do not have the authority to create, revise, or enact corporate policies or procedures. The decisions that I and my team make during the handling of an insurance claim do not determine or affect USAA CIC's company-wide corporate policies and procedures. | Dkt. 45-5 at ¶1. |

Dated:  February 21, 2025          **DKM Law Group, LLP**


                                        By: _/s/Jessica J. Ross_____
                                           JOSHUA N. KASTAN (SBN 284767)
                                           JNK@dkmlawgroup.com
                                           JESSICA J. ROSS (SBN 313988)
                                           JJR@dkmlawgroup.com
                                           Attorneys for Defendant,
                                           USAA CASUALTY INSURANCE
                                           COMPANY