Shaun H. Crosner (SBN 259065)
SCrosner@McGuireWoods.com
Daria Clecicov (SBN 340760)
DClecicov@McGuireWoods.com
McGuireWoods LLP
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY R. WHITELEY,<br><br>    Plaintiff,<br><br>    vs.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>    Defendant. | Case No. 2:24-cv-00138- FLA-MAA<br><br>Assigned to the Honorable Fernando L. Aenlle-Rocha<br><br>**JEREMY R. WHITELEY'S OBJECTION AND STATEMENT IN RESPONSE TO USAA'S ADDITIONAL MATERIAL FACT NO. 95 IN SUPPORT OF ITS REPLY**<br><br>*[Filed concurrently with Plaintiff's Sur-Reply; [Proposed] Order]*<br><br>Date:  March 14, 2025<br>Time:  1:30 p.m.<br>Ctrm:  6B<br><br>Complaint Filed on January 5, 2024 |

**OBJECTIONS TO USAA'S ADDITIONAL MATERIAL FACT**

The parties filed cross-motions for summary judgment. ECF Nos. 45, 52. Defendant USAA Casualty Insurance Company ("USAA") moved on the following issues: (1) breach of contract/duty to defend, (2) bad faith, (3) declaratory relief, and (4) punitive damages. ECF No. 45. Plaintiff Jeremy Whiteley only moved for partial summary judgment on USAA's duty to defend. ECF No. 52.

Thereafter, on February 20, 2025, USAA filed its responsive briefing styled as a Reply in Support of its Motion for Summary Judgment and Opposition to Plaintiff Jeremy Whiteley's Cross-Motion for Summary Judgment (USAA's "Reply and Opposition"). ECF No. 57. USAA also filed an accompanying Response to Statement of Genuine Disputes of Material Fact and Additional Material Facts in Support of its Motion for Summary Judgment adding a single additional material Fact No. 95 in support of its Reply and Opposition. ECF No. 59.

USAA's Fact No. 95 states:

> Ms. Gonzalez states: As a Property Claims Director I do not have the authority to create, revise, or enact corporate policies or procedures. The decisions that I and my team make during the handling of an insurance claim do not determine or affect USAA CIC's company-wide corporate policies and procedures.

*See* ECF No. 59 at 37.

USAA's purported "Additional Material Fact" relates to the question of whether Ms. Gonzalez's decisions and role impacted USAA's corporate policy thereby qualifying her as USAA's "managing agent" under California law. This disputed fact is only relevant to USAA's motion on the issues of bad faith and punitive damages. *See* ECF Nos. 45 at 30-31; 59 at 14-15. USAA was the moving party on the issues of bad faith and punitive damages. Mr. Whiteley did not move on these issues, although he addressed them in his opposition to USAA's motion. ECF No. 52.

| | |
|---|---|
| 1 | Under Local Rule 56 and Fed. R. Civ P. 56 submission of new material facts |
| 2 | on Reply is not permitted.  Fed. R. Civ. P. 56(e) recognizes that a nonmoving party |
| 3 | shall have the opportunity to "properly support or address a fact."  Plaintiff Whiteley |
| 4 | did not have an opportunity to dispute or respond Fact No. 95, as he is not permitted |
| 5 | to submit a responsive separate statement on Reply regarding issues that were not |
| 6 | subject to his moving papers.  Had Fact No. 95 been included in USAA's moving |
| 7 | papers, Mr. Whiteley would have disputed it by pointing to Ms. Gonzalez's |
| 8 | testimony concerning her role at USAA.  Specifically, Ms. Gonzalez testified she is |
| 9 | a property claims director who oversees a team of 90 employees (including nine |
| 10 | managers) that cover the entirety of the United States.  Crosner Decl. ¶ 2, Ex. A at |
| 11 | 11:19-13:2.  Ms. Gonzalez testified she was the ultimate decision-maker with |
| 12 | respect to coverage for all claims in which a USAA insured sought a defense in |
| 13 | litigation.  Crosner Decl. ¶ 2, Ex. A at 14:2- 15:8.  Ms. Gonzalez was involved in the |
| 14 | handling of Mr. Whiteley's claim and was responsible for and approved the final |
| 15 | decision to deny coverage.  Crosner Decl. ¶ 2, Ex. A at 23:2-14; 136:24-137:8.  In |
| 16 | other words, Mr. Whiteley would have provided facts to dispute USAA's assertions |
| 17 | that Ms. Gonzalez did not qualify as a "managing agent." *See White v. Ultramar,* |
| 18 | *Inc.*, 21 Cal. 4th 563, 566-67 (1999) (managing agents are "those corporate |
| 19 | employees who exercise substantial independent authority and judgment in their |
| 20 | corporate decision making so that their decisions ultimately determine corporate |
| 21 | policy"). |
| 22 | Because USAA failed to comply with the requirements in the local rules and |
| 23 | the Federal Rules of Civil Procedure in submitting its additional, purportedly- |
| 24 | material fact No. 95, the Court should limit its consideration of USAA's facts only |
| 25 | to those facts that were originally referenced in USAA's Motion for Summary |
| 26 | Judgment.  Mr. Whiteley therefore respectfully asks that the Court grant his |
| 27 | objection to Fact No. 95 on this basis. |
| 28 | |

3

**WHITELEY'S OBJECTION AND STATEMENT IN RESPONSE TO USAA'S ADDITIONAL FACT**

1  DATED: February 28, 2025        McGuireWoods LLP
2
3                                  By:  */s/ Shaun H. Crosner*
                                       Shaun H. Crosner
4                                      Daria Clecicov
                                       Attorneys for Plaintiff
5