UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY WHITELEY,<br><br>    Plaintiffs,<br><br>  v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>    Defendant. | Case No. 2:24-cv-00138-FLA (MAAx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKTS. 45, 56]** |

## <u>RULING</u>

Before the court is Defendant USAA Casualty Insurance Company's ("Defendant" or "USAA") Motion for Summary Judgment ("USAA Motion") (Dkt. 45 ("Def. Mot.")) and Plaintiff Jeremy Whiteley's ("Plaintiff" or "Whiteley") Opposition to USAA's Motion and Cross-Motion for Partial Summary Judgment ("Whiteley Motion") ("Dkt. 56" ("Pl. Mot.")).  On March 13, 2025, the court found the motions appropriate for resolution without oral argument and vacated the hearing set for March 14, 2025.  Dkts. 63, 64; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

///

For the reasons stated herein, the court GRANTS the Whiteley Motion, ENTERS summary judgment in Plaintiff's favor as to Plaintiff's claim for declaratory judgment regarding USAA's duty to defend, and DENIES the USAA Motion as to Plaintiff's remaining claims.

## **BACKGROUND**

Plaintiff brings the instant action to obtain coverage allegedly owed to him under an insurance policy issued by USAA. Dkt. 1 ("Compl.") ¶ 1.

USAA issued Plaintiff an "Umbrella Policy" ("Policy") offering coverage from May 13, 2021, to May 13, 2022. *Id.* ¶ 14. In relevant part, the Policy obligated USAA to "pay for damages that an insured becomes legally obligated to pay because of personal injury," and stated that, "[i]f a claim is made or suit is brought against any insured … for personal injury to which [the Policy] applies, [USAA] will provide a defense at [its] expense … even if the suit is groundless, false, or fraudulent." *Id.* ¶ 15; *see also* Compl., Ex. B at 37.[1] The Policy defines "personal injury" to include "[o]ral, written or electronic publication of a false statement that defames a person's or organization's character or reputation." Compl., Ex. B at 36. The Policy excludes from coverage "personal injury result[ing] from a false statement if done by or at the direction of any insured with the knowledge that the statement was false, or made with reckless disregard for the truth." *Id.* at 9.

On or about March 28, 2022, Whiteley and Katherine McNamara ("McNamara") were named as defendants in a separate action, styled *Breaking Code Silence v. Katherine McNamara, et al.*, Case No. 2:22-cv-02052-MAA (C.D. Cal.) ("BCS Action"), BCS Action Dkt. 2 ("BCS Compl.") ¶ 17. The BCS Action alleges Whiteley was a "former BCS board member" who, in partnership with McNamara,

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

"originally set-up the website infrastructure for BCS[2] to use with its domains." *Id.* ¶ 11. Whiteley and McNamara then "exercised an extreme act and maliciously accessed BCS's account … without permission or authorization from BCS and caused the website to be deindexed on Google." *Id.* ¶ 36. Further, "[i]n addition to [Whiteley and McNamara] causing the BCS website to be deindexed, they [] attempted or succeeded at changing the content of the website." *Id.* ¶ 43. The BCS Action does not bring causes of action for defamation, libel, or slander. Rather, it alleges Whiteley violated the Computer Fraud and Abuse Act (18 U.S.C. § 1030, *et seq.*) and California's Computer Data Access and Fraud Act (Cal. Pen. Code § 502, *et seq.*). *See generally id.*

Plaintiff alleges that, on April 21, 2022, he "timely tendered the defense of the BCS [Action] to USAA via its website and informed USAA that the suit was frivolous." Compl. ¶ 21. Plaintiff claims, however, "USAA has wrongfully failed and refused to defend [Plaintiff] in the [BCS Action]." *Id.* ¶ 22. Plaintiff filed the Complaint in the instant action on January 5, 2024, bringing claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief that USAA has a duty to defend him in the BCS Action. *See generally* Compl. On September 4, 2024, the court denied Plaintiff's Motion for Partial Judgment on the Pleadings ("MJOP"). Dkt. 42.

## DISCUSSION

**I.    Legal Standard**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The substantive law determines which facts are material; only disputes over facts that might affect the outcome of the suit under the governing law properly

---

[2] Breaking Code Silence is a non-profit organization that represents previously incarcerated adults and youth. Compl. ¶ 17; BCS Compl. ¶ 1.

3

preclude the entry of summary judgment." *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

"A moving party without the ultimate burden of persuasion at trial … has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). "[T]o carry its burden of production, the moving party must produce either evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Id.* "[T]o carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact." *Id.* "If … a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"If the nonmoving party produces direct evidence of a material fact, the court may not assess the credibility of this evidence nor weigh against it any conflicting evidence presented by the moving party." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). Inferences may be drawn from underlying facts that are either not in dispute or that may be resolved at trial in favor of the nonmoving party, but only if they are "rational" or "reasonable" and otherwise

permissible under the governing substantive law. *Id.* The court must view all evidence and justifiable inferences "in the light most favorable to the nonmoving party." *Id.* at 630–31. However, a party cannot defeat summary judgment based solely on the allegations or denials of the pleadings, conclusory statements, or unsupported conjecture. *Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003); *see also FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

## II. Analysis

### A. Declaratory Judgment (Duty to Defend)

Under California law, an insurer can have a duty to defend or indemnify, or both. *Buss v. Superior Court*, 16 Cal. 4th 35, 45–46 (1997). "To prevail [on the duty to defend], the insured must prove the existence of a *potential for coverage*, while the insurer must establish *the absence of any such potential*. In other words, the insured needs only to show that the underlying claim may fall within policy coverage; the insurer must prove it cannot." *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 300 (1993) (emphases in original).

"The duty to defend is determined by reference to the policy, the complaint, and *all* facts known to the insurer from any source." *Id.* (emphasis in original). "The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Id.* "Facts extrinsic to the complaint also give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy." *Id.* at 295.

"Any doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor." *Id.* at 299–300. "If coverage depends on an unresolved dispute over a *factual* question, the very existence of that dispute would establish a possibility of coverage and thus a duty to defend." *Mirpad v. California Ins. Guarantee Assn.*, 132 Cal. App. 4th 1058, 1068 (2005) (emphasis in original)

5

1  (citing *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1085 (1993), *as modified on denial of reh'g* (May 13, 1993)).

The fact "that the precise causes of action pled by [a] third-party complaint may fall outside policy coverage does not excuse the duty to defend where, under the facts alleged, reasonably inferable, or otherwise known, the complaint could fairly be amended to state a covered liability." *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643, 654 (2005). Nor does it matter if the allegations at issue are ancillary to the "dominant factor" of the action. *Horace Mann*, 4 Cal. 4th at 1084 ("We look not to whether noncovered acts predominate in the third party's action, but rather to whether there is *any* potential for liability under the policy."). Moreover, "it is not [the] insurer's place to analyze and evaluate the underlying claim of liability in order to reject the defense of any claim that is not meritorious." *See CAN Cas. v. Seaboard Sur. Co.*, 176 Cal. App. 3d 598, 609 n. 4 (1986).

### 1.     Personal Injury Coverage

Plaintiff argues USAA has a duty to defend him in the BCS Action because the Policy provided Plaintiff coverage in suits "for personal injury," and defined personal injury to include, "[o]ral, written or electronic publication of a false statement that defames a person's or organization's character or reputation." Pl. Mot. at 11–12; Compl., Ex. B at 36.[3] USAA argues Plaintiff "cannot demonstrate the possibility of coverage" and when there is "no possibility of coverage, there is no breach of contract." Def. Mot. at 24. The court agrees with Plaintiff.

---

[3] The Policy broadly provides coverage if "a suit is brought against any insured for bodily injury or property damage arising from an occurrence to which the policy applies, or for personal injury to which this policy applies[.]" Compl., Ex. B at 37. Plaintiff does not argue he is entitled to coverage under the "bodily injury or property damage" provisions of the Policy and seeks coverage only under the personal injury provision. *See* Pl. Mot. at 19. The court, therefore, does not consider whether USAA's duty to defend is triggered under the bodily injury or property damage provisions of the Policy.

6

The BCS Complaint alleges "Defendant McNamara and her colleagues at UnSilenced *made defamatory statements to valued partners*, resulting in strained and, in some cases, terminated valued relationships." BCS Compl. ¶ 17 (emphasis added).[4] That BCS has not asserted a defamation claim is of no consequence. The allegation of defamation in the BCS Complaint—although not the "dominant factor" of the BCS Complaint—is sufficient to raise the potential for coverage and trigger USAA's duty to defend. *State Farm Gen. Ins. Co. v. Phillips*, 591 F. Supp. 3d 680, 688 (C.D. Cal. 2022) (although the "Underlying Complaint does not assert [a] claim[] for defamation … [it] does not excuse the duty to defend where, under the facts alleged, reasonably inferable[,] … the complaint could fairly be amended to state a covered liability") (cleaned up). Accordingly, the court finds USAA has a duty to defend Plaintiff in the BCS Action. The court now turns to any potential exclusion to coverage.[5]

### 2. Exclusions to Coverage

The Policy excludes from coverage "personal injury result[ing] from a false statement if done by or at the direction of any insured with the knowledge that the statement was false, or made with reckless disregard for the truth." Compl., Ex. B at

---

[4] The BCS Complaint also alleges: "Defendants did the acts and things herein alleged pursuant to, and in furtherance of, the above alleged misconduct aimed at harming BCS and permanently damaging BCS's reputation and goodwill with the public, as well as with the intention of causing BCS monetary losses by way of this same conduct;" and "BCS also seeks recovery for lost goodwill as a result of Defendant's dissemination of false information by impersonating BCS. Defendants have also greatly and unjustly enriched themselves…." BCS Complaint ¶¶ 48, 76.

[5] Although the court's September 4, 2024, ruling found "there remain[ed] a material issue of fact to be resolved as to whether the facts alleged in the BCS Complaint triggered USAA's duty to defend" at the MJOP stage, Dkt. 42 at 8, the court finds "any doubts as to whether the [C]omplaint gave rise to a duty to defend [Plaintiff] were resolved by the materials adduced in the summary judgment proceedings." *Horace*, 4 Cal. 4th at 1083; *see, e.g.*, Dkt. 60-1 at 13–14 (USAA concedes during November 22, 2024 deposition that BCS' allegations concerning individuals at UnSilenced making defamatory statements could include Plaintiff).

7

9. Under California law, "[an] insurer that wishes to rely on an exclusion has the burden of proving, through conclusive evidence, that the exclusion applies in all possible worlds." *Atl. Mut. Ins. Co. v. J. Lamb, Inc.*, 100 Cal. App. 4th 1017, 1039 (2002). "Exclusionary clauses are strictly construed." *HS Services, Inc. v. Nationwide Mut. Ins. Co.*, 109 F.3d 642, 645 (9th Cir. 1997). While "it may ultimately be determined that [an insurer] has a viable defense to coverage by virtue of the application of [an] exclusion, this can only affect its liability for indemnification," not its duty to defend, because the "duty to defend depend[s] on the existence of only a potential for coverage." *J. Lamb*, 100 Cal. App. 4th at 1040.

USAA argues coverage is precluded because: (1) "Whiteley is alleged to have made any defamatory statement … with knowledge of its falsity or at a minimum disregard for its veracity…," Def. Mot. at 26, *see* Compl., Ex. B. at 39; (2) "Whiteley's conduct violated multiple criminal statutes, such that any personal injury alleged therein arose out of excluded criminal acts," Def. Mot. at 22, Compl., Ex. B at 40; and (3) "the BCS Complaint continually alleges Whiteley and McNamara's conduct was based upon an agreement between them to harm BCS and unjustly enrich themselves" through intentional acts, Def. Mot. at 22. *See also* Dkt. 57 at 12 (citing Cal. Ins. Code § 533) ("An insurer is not liable for a loss caused by the willful act of the insured").

Under California law, "any factual dispute affecting the existence of coverage creates a potential for coverage and a duty to defend." *State Farm Gen. Ins. Co. v. Mintarsih*, 175 Cal. App. 4th 274, 284 n. 6 (2009). Questions of Plaintiff's intent as to alleged defamatory statements, or the existence of an agreement to defame BCS, are questions of fact for trial. USAA's "pointing to unproven and disputed allegations in the very complaint it is called upon to defend" cannot overcome its duty to defend at this stage of the action. *See KM Strategic Mgmt., LLC v. Am. Cas. Co.*, 156 F. Supp. 3d 1154, 1170 (C.D. Cal. 2015) (citation omitted); *Netscape Commc'ns Corp. v. Fed. Ins. Co.*, Case No. 5:06-cv-00198-JW, 2007 WL 2972924, at *6 (N.D. Cal. Oct.

8

10, 2007) (no exclusion to coverage where insurer relied on mere allegations that were civil in nature and resolved without finding of liability or guilt of insured).⁶

### 3. Conclusion

The court finds USAA has a duty to defend Plaintiff in the BCS Action, GRANTS Whiteley's Motion, DENIES the USAA Motion as to the duty to defend, and ENTERS declaratory judgment in Plaintiff's favor on this issue.

The court now turns to USAA's Motion as to Plaintiff's remaining claims.

### B. Breach of Contract

Under California law, the elements of a breach of contract claim in an insurance coverage dispute are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff. *Carson Cogeneration Co. v. Scottsdale Ins. Co.*, No. 2:19-cv-10797-PA, 2020 WL 7059625, at *3 (C.D. Cal. Oct. 2, 2020) (citing *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011)). As a result, to establish a "breach" of an insurance contract, a policyholder must demonstrate an entitlement to a benefit that an insurer refused to pay. *Behnke v. State Farm General Insurance Co.*, 196 Cal. App. 4th 1443, 1468 (2011) (holding that "an action for an insurance contract breach requires a showing that the insurer wrongfully withheld policy benefits due and owing"); *see also Dalrymple v. United Serv. Auto. Assn.*, 40 Cal. App. 4th 497, 512 n. 4 (1995) ("[A]bsent an actual withholding of benefits due, there is no breach of contract").

Plaintiff bears the initial burden in his breach of contract claim "to prove that an event is a claim within the scope of the [Policy's] basic coverage." *Shirley v. Allstate*

---

⁶ Defendant also argues there is no duty to defend because the BCS Complaint only alleges economic damages, citing cases involving only bodily injury or property damage. Def. Mot. at 27. As Plaintiff correctly points out, the Policy contains no express or implied limitation on damages arising from covered acts constituting personal injury. Opp'n at 20.

9

*Ins. Co.*, 825 F. App'x 472 (9th Cir. 2020). If this showing is made, the burden shifts to the insurer to prove coverage is specifically excluded. *Saarman Constr., Ltd. v. Ironshore Specialty Ins. Co.*, 230 F. Supp. 3d 1068, 1075–76 (N.D. Cal. 2017).

Further, unreasonable delay in paying policy benefits due "is an actionable withholding of benefits which may constitute a breach of contract as well as bad faith giving rise to damages in tort." *Intergulf Dev. LLC v. Super. Ct.,* 183 Cal. App. 4th 16, 20 (2010); *see also Kotler v. PacifiCare of California,* 126 Cal. App. 4th 950, 956 (2005) (finding a triable fact as to whether defendant's delay in providing benefits to plaintiff constituted a breach of contract because the delay was unreasonable); *Schwartz v. State Farm & Casualty Co.,* 88 Cal.App.4th 1329, 1339 (2001) ("It is well established that a breach of the implied covenant of good faith is a breach of the contract … and that a breach of a specific provision of the contract is not a necessary prerequisite to a claim for breach of the implied covenant of good faith and fair dealing.") (internal citations omitted). Finally, the state legislature has codified the requirement that contracts must be performed at the time specified or within a "reasonable time." Cal. Civ. Code § 1657.

Plaintiff's breach of contract claim is based essentially upon Defendant's breach of the implied covenant of good faith and fair dealing, *see infra*, and Defendant's unreasonable delay in providing Plaintiff with benefits under his insurance contract. Plaintiff alleges Defendant breached its duties under the Policy by refusing to defend and indemnify Plaintiff in the BCS Action, along with improperly asserting grounds for limiting coverage, resulting in at least $1,375,000 in damages. Compl. ¶¶ 32–33. USAA contends Plaintiff's breach of contract claim necessarily fails because its duty to defend was never triggered. Dkt. 45-1 at 20. USAA further contends there is no breach of contract because "there is no possibility of coverage." *Id.* at 24. As discussed *supra*, USAA has a duty to defend Plaintiff in the BCS Action. Taking the allegations in the Complaint as true, Plaintiff states a viable claim for breach of contract against USAA.

Where there is a genuine dispute of fact as to the coverage at issue, summary judgment as to breach of contract is inappropriate. *See Simons v. Fed. Ins. Co.*, No. 2:23-05074-MWC, 2025 WL 1090927, at *10 (C.D. Cal. Mar. 4, 2025). Because there are triable questions of fact, and the allegations in the BCS Complaint "raised a potential for coverage under the Polic[y]," the court DENIES the USAA Motion as to Plaintiff's breach of contract claim. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1033 (9th Cir. 2008).

### C. Breach of Implied Covenant of Good Faith and Fair Dealing & Punitive Damages

To establish a breach of the implied covenant of good faith and fair dealing in the context of a denial of insurance coverage, a plaintiff must show that (1) benefits due under the policy were withheld, and (2) the reason for withholding benefits was "unreasonable or without proper cause." *Love v. Fire Ins. Exch.*, 221 Cal.App.3d 1136, 1151 (1990). The mere denial of benefits does not establish bad faith. *Cal. Shoppers v. Royal Globe Ins. Co.*, 175 Cal.App.3d 1, 15 (1985) (citation omitted). "The key to a bad faith claim is whether or not the insurer's denial of coverage was reasonable." *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001). The reasonableness of an insurer's claims-handling conduct is ordinarily a question of fact. It becomes, however, a question of law where the evidence is undisputed and only one reasonable inference can be drawn from the evidence. *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 346 (2001) (citation omitted).

Upon finding that an insurer has a duty to defend, courts in this circuit leave the question of reasonableness in the hands of the factfinder. *See Franklin Loan Corp. v. Certain Underwriters at Lloyd's, London*, Case No. 5:11-cv-00215-VAP (DTBx), 2012 WL 13014615, at *11–12 (C.D. Cal. Mar. 9, 2012) ("Defendant fails to show that, as a matter of law, Defendant acted reasonably when it declined to defend Plaintiff under the Policy"); *Nat'l Fire Ins. Co. of Hartford v. OMP, Inc.*, Case No.

11

2:11-cv-04209-MWF (JCx), 2012 WL 13012418, at *4–5 (C.D. Cal. Aug. 22, 2012).

USAA contends it acted reasonably in denying Plaintiff's claim because it "immediately reviewed the BCS Complaint and the Homeowners Policy and called Whiteley to discuss, notifying him it did not appear from [the] initial review there was coverage," and relied on the advice of counsel. Dkt. 45-1 at 30. Plaintiff, on the other hand, alleges USAA acted in bad faith when it refused to return his telephone calls, gave him incorrect information about his Policy, and deprived him of an opportunity to respond to USAA's investigation of his claim. Dkt. 47 ¶¶ 84, 86–88. Plaintiff claims his expert witnesses will opine that USAA's investigation and handling of Plaintiff's claim improperly departed from established industry customs and standards. *Id.* ¶ 89; *see also* Dkt. 49 ¶¶ 4, 9–19, 21–30.[7] USAA's reasonableness in denying Plaintiff's claim implicates questions of fact that cannot be resolved through summary judgment and must be left for the trier of fact. *Nat'l Ass'n of Optometrists*, 682 F.3d at 1147 ("disputes over facts that might affect the outcome of the suit under the governing law properly preclude the entry of summary judgment.").

USAA also argues it is entitled to summary judgment because under California law "the existence of a genuine dispute with its insured as to the existence of coverage" means that the insurer "is not liable in bad faith." Def. Mot. at 29 (citing *Chateau*, 90 Cal. App. 4th at 347). Several courts in this circuit have found that this doctrine does not apply to a carrier's duty to defend. *See Carillo v. Nationwide Mut. Fire Ins. Co.*, Case No. 5:07-cv-01979-JF, 2009 WL 1949123, at *8 n. 3 (N.D. Cal. July 2, 2009); *Harbison v. Am. Motorists Ins. Co.*, Case No. 2:04-cv-02542-FCD-JFM, 2009 WL 1808615, at *8 (E.D. Cal. June 24, 2009) ("Because the existence of a

---

[7] Defendant objects to testimony by Plaintiff's expert concerning contract interpretation. Dkt. 58. For purposes of summary judgment, the objection is OVERRULED as the court did not rely on it in reaching its decision. Any potential exclusion of expert witness testimony at trial should be raised through a motion *in limine*.

12

genuine dispute as to the insurer's liability indicates that there is at least a potential for coverage, the existence of a genuine dispute is itself enough to trigger the insurer's duty to defend … the genuine dispute doctrine appears wholly incompatible with duty to defend cases."). USAA's Motion will not be granted on this basis.

Because a genuine factual dispute remains as to the breach of implied covenant claim, the USAA Motion on the question of punitive damages is likewise DENIED. *Bravo v. U.S. Life Ins. Co. in N.Y.C.*, 701 F. Supp. 2d 1145, 1162 (E.D. Cal. 2010); *Oxnard Manor LP v. Hallmark Specialty Ins. Co.*, 709 F. Supp. 3d 971, 989 n. 10 (C.D. Cal. 2023) ("[B]ecause the Court finds summary judgment is inappropriate as to the bad faith claim, the Court likewise denies Defendant's request for summary judgment as to the punitive damages claim.").

## CONCLUSION

For the foregoing reasons, the court GRANTS the Whiteley Motion, ENTERS summary judgment in Plaintiff's favor as to his claim for declaratory judgment regarding USAA's duty to defend, and DENIES the USAA Motion as to Plaintiff's remaining claims.[8]

IT IS SO ORDERED.

Dated: September 30, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[8] Plaintiff's evidentiary objections (Dkt. 48) are OVERRULED as the court did not rely on any of the evidence at issue in reaching its decision.